Estelle M. KANE, Plaintiff–Appellant,

v.

DOUGLAS, ELLIMAN, HOLLYDAY & IVES, Defendant–Appellee.

No. 80–7566.

United States Court of Appeals, Second Circuit.

Argued Nov. 25, 1980.

Decided Nov. 26, 1980.

Before KAUFMAN and TIMBERS, Circuit Judges, and PIERCE, District Judge.*

PER CURIAM:

Estelle Kane filed a complaint with the Equal Employment Opportunity Commission on October 13, 1978. It alleged that Kane's former employer, Douglas, Elliman, Hollyday & Ives, had discriminated against Kane on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964,

* Of the United States District Court for the Southern District of New York, sitting by designation.

42 U.S.C. § 2000e *et seq.* On January 11, 1980, the EEOC sent Kane a "Notice of Right to Sue." The Notice informed Kane that the EEOC had decided not to sue Douglas Elliman on Kane's behalf, and that if Kane wished to sue her former employer, she had 90 days from receipt of the Notice to do so. Kane received the Notice on January 28, 1980. She filed her complaint 91 days later, on April 28, 1980. The 90th day, April 27, was a Sunday, and Kane filed the complaint the following day–Monday. The district court dismissed her suit as time–barred under 42 U.S.C. § 2000e–5(f)(1).

Rule 6(a), Fed.R.Civ.P., provides in part:

In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

Under Rule 6(a), the 90–day period for filing Kane's complaint did not end on Sunday, April 27; instead, it ran "until the end of the next day," Monday, April 28. Thus Kane's complaint was properly filed.

Appellee contends that Rule 6(a) does not apply to this case because Rule 1, Fed.R.Civ.P., provides: "These rules govern the procedure in the United States district courts in all suits of a civil nature ..." The argument is that, until a complaint is properly filed, there is no "suit of a civil nature," and thus the Rules, including Rule 6(a), do not apply. The argument has been almost uniformly rejected in Title VII actions. In *Pearson v. Furnco Constr. Co.,* 563 F.2d 815, 818–19 (7th Cir. 1977), for example, the 90th day after the EEOC Notice was Sunday, September 29. Plaintiff's complaint was filed on Monday, September 30. The court stated that the spirit of Rule 6(a) governed, and held the filing timely:

We think that in the light of the purposes intended to be served by Title VII, it is a sound interpretation of congressional intent that the party plaintiff is to have a full span of ninety days in which to file his action, and that accordingly, when the ninetieth calendar day is a Saturday, Sunday, or holiday, the period does not expire until the end of the next day which is none of these three.

*Accord, Bailey v. Boilermakers Local 667,* 480 F.Supp. 274, 282 (N.D.W.Va.1979) (90th day Sunday; complaint filed on Monday held timely); *Menn v. Amstar Corp.,* 476 F.Supp. 303, 306 (D.Md.1979) (90th day Labor Day; complaint filed next day held timely); *Jordan v. Lewis Grocer Co.,* 467 F.Supp. 113, 115 (N.D.Miss.1979) (90th day Sunday; complaint filed Monday held timely); *Burks v. Vann's Baking Corp.,* 3 FEP Cases 620 (W.D.Tenn.1971) (under 30–day deadline applicable before 1972 amendment creating 90–day deadline) (30th day Sunday; complaint filed Monday held timely). *Cf. Tavernaris v. Beaver Area School District,* 454 F.Supp. 355, 357 (W.D.Pa.1978) (90th day Monday; complaint filed on Wednesday held timely because Title VII "should be liberally construed"). *See Haire v. Calloway,* 385 F.Supp. 309, 310 (E.D.Mo. 1974) (under 42 U.S.C. § 2000e–16) (30–day limit ends Saturday; complaint filed Monday held timely), *vacated on other grounds,* 537 F.2d 318 (8th Cir. 1976); *contra, Smith v. Bailar,* 22 FEP Cases 1378 (N.D.Ga. Feb. 15, 1980) (under § 2000e–16) (30th day Saturday; complaint filed on Monday held not timely).

In view of the broad remedial purposes of Title VII, *see Love v. Pullman Co.,* 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972), we decline to extend the dictum of *Joint Council Dining Car Employees, Local 370 v. Delaware, L. & W. R. Co.,* 157 F.2d 417, 420 (2d Cir. 1946), to bar this action. Unlike the statute at issue in *Dining Car,* Title VII was passed by a Congress with Rule 6(a) firmly in mind. *See Simon v. CIR,* 176 F.2d 230, 232 (2d Cir. 1949); *Rutledge v. Sinclair Refining Co.,* 13 F.R.D. 477, 478 (S.D.N.Y.1953).

The judgment is reversed, and the case is remanded for proceedings consistent with this opinion.