CORNELIA G. KENNEDY, Circuit Judge.
 

 Plaintiff-trustee (“Trustee”) appeals from a judgment dismissing his complaint seeking to avoid preferential and fraudulent transfers to First National Bank of Louisville (“First National”). The Trustee was appointed on August 17, 1983, and the complaint was filed on August 19, 1985. The District Court granted First National’s motion to dismiss, concluding that the action was barred by the two-year statute of limitations, 11 U.S.C. § 546(a). We affirm.
 

 On June 24, 1983, an involuntary bankruptcy petition seeking relief under Chapter 7, Title 11, was filed against C.H. Butcher, Jr. in the United States Bankruptcy Court for the Eastern District of Tennessee.
 
 [1]
 
 The Trustee commenced a proceeding against First National on August 19, 1985, seeking to avoid preferential transfers to First National under 11 U.S.C. § 547(b) (1982) and fraudulent transfers to First National under 11 U.S.C. §§ 544(b) and 548(a) (1982). In response, First National filed a motion to dismiss arguing that the action was barred by the statute of limitations, which provides:
 

 An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
 

 (1) two years after the appointment of a trustee under section 702, 1104, 1163, or 1302 of this title; and
 

 (2) the time the case is closed or dismissed.
 

 11 U.S.C. § 546(a) (1982).
 

 The bankruptcy court denied First National’s motion. It determined that Bankruptcy Rule 9006(a)
 
 [2]
 
 applied to the compu
 
 *598
 
 tation of the statute of limitations period because the application of Rule 9006(a) to the two-year period did not enlarge the Trustee’s substantive rights.
 
 [3]
 
 Accordingly, the court did not include the day of the Trustee’s appointment in the computation of the two-year period, which placed the end of the period on Saturday, August 17, 1985. The court also found that Bankruptcy Rule 9006(a) extended the limitations period to the end of the next business day since the two-year period expired on a Saturday. Thus, the court concluded that the action was timely filed and denied First National’s motion to dismiss, 57 B.R. 101. The District Court granted First National’s motion for leave to immediately appeal pursuant to 28 U.S.C. § 1292(b).
 

 The District Court reversed, relying on this Court’s decision in
 
 Rust v. Quality Car Corral, Inc.,
 
 614 F.2d 1118 (6th Cir.1980). The
 
 Rust
 
 Court construed the statute of limitations applicable to the Truth in Lending Act, 15 U.S.C. §§ 1601-1693r (1982 & Supp. III 1985). Plaintiff in
 
 Rust
 
 entered into an installment sale agreement with Quality Car on July 1, 1976. Quality Car assigned its interest in the contract to defendant Provident Bank. On July 1, 1977, plaintiff filed a complaint alleging that defendants’ extension of credit to finance the transaction had violated several provisions of the Truth in Lending Act. Defendants moved to dismiss arguing that plaintiff’s claim was barred by the applicable statute of limitations, which provides in pertinent part:
 

 Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction,
 
 within one year
 
 from the date of the occurrence of the violation.
 

 15 U.S.C. § 1640(e) (1982) (emphasis added). Plaintiff asserted that the July 1,1977 filing was timely because the statute of limitations did not begin to run until July 2, 1976, the day after the transaction.. In support of his position, plaintiff contended that the “one year” period in section 1640(e) should be computed by applying Rule 6(a) of the Federal Rules of Civil Procedure, which states that the day of the act, event or default shall not be included in computing the time in which an action must be commenced.
 
 [4]
 

 This Court disagreed, and concluded that nothing in the Truth in Lending Act supported plaintiff’s position that the Court should construe the term “one year” in the Truth in Lending Act with reference to Fed.R.Civ.P. 6(a). The Court reasoned,
 

 [t]he Truth in Lending Act creates a cause of action and confers jurisdiction on federal courts to hear cases arising under the statute. That jurisdiction is defined and cicumscribed by the Act itself, in a temporal as well as a substantive sense. If a complaint is not filed within the time period prescribed by 15 U.S.C. § 1640(e), a federal court has no jurisdiction to entertain it.
 

 614 F.2d at 1119. The Court also reasoned that Fed.R.Civ.P. 6(a) does not change the premise that a complaint must be filed within the time prescribed by section 1640(e) in order for the court to have jurisdiction. The Court emphasized that Fed.R.Civ.P. 82 demonstrates that the Rules of Civil Procedure are to govern procedural matters once an action is properly before a court. Accordingly, the Court concluded that plaintiff had one year beginning on the date of the transaction to file his complaint;
 
 *599
 
 the last day of that year was June 30, 1977. 614 F.2d at 1119-20.
 

 The Trustee argued to the District Court that the
 
 Rust
 
 case was distinguishable because the statute in question in
 
 Rust
 
 is both a statute of limitations and a jurisdictional grant, whereas section 546(a) of the Bankruptcy Code is procedural only. Nevertheless, the court believed that this Court in
 
 Rust
 
 did not base its conclusion on whether the creation of the limitations period and the jurisdictional grant occur in the same paragraph or numerical section of the statute. Rather, the court viewed our decision in
 
 Rust
 
 to deal with the relationship between Rule 6(a) and federal statutes in general. Accordingly, the court believed that
 
 Rust
 
 stands for the proposition that procedural rules such as Rule 6(a) and Bankruptcy Rule 9006(a) do not come into play until after a plaintiffs complaint is timely filed. The court concluded that these rules extend time periods prescribed by the rules or by any applicable statute once the action has commenced, but they do not enlarge
 
 ex post facto
 
 the time for commencing the action itself. Because the Trustee filed his complaint three days after the expiration of the two-year period, the court held that the Trustee never properly commenced the action and the bankruptcy court never had jurisdiction.
 
 [5]
 

 Martin v. First Nat’l Bank,
 
 78 B.R. 520, 523 (E.D.Tenn.1986).
 

 I.
 

 The Trustee raises several arguments on appeal in support of his position that the complaint was timely filed. First, he asserts that Bankruptcy Rule 9006(a) should be applied to find that the limitations period did not expire until August 19, 1985, because the Rule would not be applied in a manner that would either enlarge or limit his substantive rights since identification of avoidable transfers is fixed at the time of the filing of the bankruptcy petition. This he argues is consistent with 28 U.S.C. § 2075 (1982), which empowers the United States Supreme Court “to prescribe by general rules, the forms of process, writs, pleadings, and motions and the practice and procedure in cases under Title 11,” but prohibits the application of the Bankruptcy Rules in such a way as to abridge, enlarge, or modify any substantive right. Second, the trustee asserts that after the filing of the petition, which commences the case, all time periods under the Code are to be computed by reference to Bankruptcy Rule 9006(a).
 

 The Trustee further asserts that this Court’s reasoning in
 
 Rust
 
 is inapposite to the resolution of the present case. According to the Trustee, the
 
 Rust
 
 Court analyzed the relationship between a federal statute and Rule 6(a). However, the issue presented in the present case is the interpretation of Bankruptcy Rule 9006(a), a rule promulgated for the express purpose of governing the practice and procedure of bankruptcy cases, and section 546(a) of the Bankruptcy Code. He also contends that the holding in
 
 Rust
 
 was based on the fact that the statute of limitations contained in the Truth in Lending Act was also a jurisdictional grant. According to the Trustee, section 546(a) of the Bankruptcy Code is not a jurisdictional grant because the jurisdiction of the bankruptcy court is set forth in 28 U.S.C. §§ 1334 and 157(a) and the substantive rights of the Trustee are defined by sections 547 and 548 of the Bankruptcy Code. Jurisdiction is not limited to those actions that were filed in accordance with section 546(a) and this section is merely a procedural limitation upon the substantive rights of the Trustee.
 

 The Trustee also contends that
 
 Union National Bank v. Lamb,
 
 337 U.S. 38, 69 S.Ct. 911, 93 L.Ed. 1190 (1949), supports his interpretation. In
 
 Lamb,
 
 a writ of certiorari was applied for one day after the expiration of the ninety-day statutory period,
 
 *600
 
 the ninetieth day fell on a Sunday. The Court, relying on Fed.R.Civ.P. 6(a), held that the writ was timely filed because the statute governing the Court’s review contained no policy prohibiting the application of Rule 6(a).
 
 Id.
 
 at 40-41, 69 S.Ct. at 912-913.
 
 [6]
 
 The Court also relied on the language in Fed.R.Civ.P. 6(a) providing that this Rule governs the method for computation of time prescribed by “any applicable statute.”
 

 First National contends that it is impossible to articulate a principaled distinction between
 
 Rust
 
 and the present case: both cases involve the relationship between a procedural rule and a statute of limitations. First National emphasizes that the statute authorizing the promulgation of the Bankruptcy Rules, like the statute authorizing the promulgation of the Federal Rules of Civil Procedure, states that the Rules “shall not abridge, enlarge, or modify any substantive right.” 28 U.S.C. § 2075. The cause of action in the present case, like the cause of action in
 
 Rust,
 
 is created by statute, and a statute of limitations is a restriction on the substantive right created by Congress. Thus, according to First National, extending the time in which to file a cause of action beyond the two-year period enlarges the Trustee’s substantive rights.
 
 [7]
 
 First National also argues that a bankruptcy court does not obtain jurisdiction over a defendant until the filing of a timely complaint and the service of summons in accordance with Part VII of the Bankruptcy Rules.
 

 We agree with the District Court that our decision in
 
 Rust
 
 requires the conclusion that the Trustee’s complaint was not timely filed. The
 
 Rust
 
 Court concluded that the district court was without jurisdiction to hear a cause of action under the Truth in Lending Act because the complaint was not filed within 365 days of the date of the transaction. Section 1640(e), the statute of limitations in the Truth in Lending Act, requires complaints to be filed “within one year from the date of the occurrence of the violation.” The Court reasoned that the Truth in Lending Act creates a cause of action and confers jurisdiction on federal courts to hear cases arising under the Act.
 
 [8]
 

 Simliarly, section 546(a) of the Bankruptcy Code requires an action seeking to avoid preferential and fraudulent transfers to be commenced within two years after the appointment of the trustee. Like the Truth in Lending Act, the Bankruptcy Code creates a cause of action and confers jurisdiction on federal courts to hear cases arising under the Code. If a complaint seeking to avoid a preferential or fraudulent transfer is not filed in accordance with section 546(a), a bankruptcy court has no jurisdiction to hear the action.
 

 Because Bankruptcy Rule 9006(a) does not extend or limit the jurisdiction of the bankruptcy courts,
 
 see
 
 28 U.S.C. § 2075, it does not alter our conclusion that a com
 
 *601
 
 plaint must be filed within two years from the date of the trustee’s appointment. The two-year limitations period begins to run on the date of the trustee’s appointment and expires twenty-four months later, irrespective of whether the last day falls on a Saturday, Sunday, or holiday.
 
 [9]
 
 Like the Federal Rules of Civil Procedure, the Bankruptcy Rules govern procedural matters after a proceeding has been timely commenced. Jurisdiction must arise from section 546(a) without reference to Bankruptcy Rule 9006(a).
 

 The Trustee’s argument that the filing of the petition gives a bankruptcy court jurisdiction to hear the present case is without merit. As First National emphasizes, it is the filing of a timely complaint and the service of summons in accordance with Part VII of the Bankruptcy Rules that gives a bankruptcy court jurisdiction over the cause of action to avoid the preference. Because the Trustee’s complaint was not filed by Friday, August 16, 1985, two years after the date of the Trustee’s appointment, we believe that the bankruptcy court had no jurisdiction to hear the cause of action.
 

 II.
 

 The Trustee also argues that the limitations period should be tolled until he discovered the fraud. The Trustee did not, however, raise this issue before the bankruptcy court or the District Court. Thus, we will not consider it for the first time on appeal.
 
 See Wright v. Holbrook,
 
 794 F.2d 1152 (6th Cir.1986).
 

 III.
 

 Accordingly, the judgment of the District Court is AFFIRMED.
 

 [1]
 

 . Because the case was commenced before the effective date of the Bankruptcy Amendments of 1984, reference to Bankruptcy Code sections are to the Code as it existed prior to the passage of the 1984 Amendments.
 

 [2]
 

 . Rule 9006(a) provides:
 

 In computing any period of time prescribed or allowed by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from
 
 *598
 
 which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.
 

 Rules of Bankruptcy Procedure 9006(a).
 

 [3]
 

 . The court recognized that 28 U.S.C. § 2075 (1982) empowers the United States Supreme Court "to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under Title 11." Furthermore, the court noted that § 2075 makes clear that “[s]uch rules shall not abridge, enlarge, or modify any substantive right." The court believed that because the Bankruptcy Rules were submitted to Congress and adopted by the Supreme Court, the application of Rule 9006(a) to the limitations period contained in § 546(a) did not enlarge the Trustee's substantive rights.
 

 [4]
 

 . Bankruptcy Rule 9006(a) is identical to Rule 6(a).
 

 [5]
 

 . The court further noted that Rule 6(a) and Bankruptcy Rule 9006(a) refer to computing periods of time allowed "by any applicable statute." Although this language was broad enough to encompass the statute in question in
 
 Rust,
 
 this Court concluded that the reference to "any applicable statute” did not include the Truth in Lending Act. The District Court also believed that this Court's holding in
 
 Rust
 
 compels the conclusion that this language was inapplicable to section 546(a) of the Bankruptcy Code.
 

 [6]
 

 . The Trustee argues that
 
 Rust
 
 is consistent with
 
 Lamb
 
 because Fed.R.Civ.P. 82 provides that the Federal Rules of Civil Procedure shall not be used to limit or extend the jurisdiction of the United States district courts and the application of Rule 6(a) to the Truth in Lending Act’s statute of limitations period would be contrary to this policy.
 

 The Trustee also relies on
 
 Kane v. Douglas, Elliman, Hollyday & Ives,
 
 635 F.2d 141 (2d Cir.1980), where the Second Circuit held that Rule 6(a) applies to the computation of the limitations period of Title VII for filing a discriminatory employment complaint.
 
 Id.
 
 at 142.
 

 [7]
 

 . First National also asserts that the word “applicable” in Bankruptcy Rule 9006(a) and Fed.R. Civ.P. 6(a) evinces congressional intent for these rules not to control computation of time for all federal statutes. First National believes that Fed.R.Civ.P. 6(a) was correctly applied to the computation of time for filing a certiorari petition in
 
 Lamb
 
 because the application of Rule 6(a) did not affect the substantive rights of the parties inasmuch as the cause of action had been timely filed.
 

 [8]
 

 . In
 
 Hilliard v. United States Postal Service,
 
 814 F.2d 325 (6th Cir.1987), the district court granted defendant’s motion to dismiss plaintiffs discrimination complaint for failure to file suit during the 30-day limitations period of 5 U.S.C. § 7703(b)(2). Plaintiff filed his complaint on the thirty-first day after the agency rendered its decision finding that the discharge was proper, the thirtieth day falling on a Sunday. This Court held that the 30-day limitations period for filing an appeal of the agency’s decision is a jurisdictional prerequisite.
 
 Id.
 
 at 327. Relying on
 
 Rust,
 
 the Court concluded that Fed.R.Civ.P. 6(a) could not be applied to extend the limitations period.
 

 [9]
 

 . Bankruptcy Rule 5001 provides that bankruptcy courts are deemed always open for the purpose of filing any pleading or otner paper.