In re John A. DAY, Debtor.

SECURITY TITLE AND GUARANTY
COMPANY, Plaintiff,

v.

John A. DAY, Defendant.

Bankruptcy No. 87-03011S.
Adv. No. 87-0990S.

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 1, 1988.

Leona Mogavero, Robert A. Kargen, Blue Bell, Pa., for debtor.

Mitchell Miller, Philadelphia, Pa., trustee.

Katherine McAlice, Edward C. Toole, Jr., Mary F. Walrath, Philadelphia, Pa., for plaintiff.

## MEMORANDUM OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

The Defendant–Debtor's Motion to Dismiss, as untimely filed, this adversary proceeding challenging dischargeability of the Plaintiff's debt on the basis of 11 U.S.C. §§ 523(a)(2)(A) and (a)(4) arises from the following sequence of events. On June 18, 1987, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. On September 9, 1987, a notice scheduling the meeting of creditors pursuant to Section 341 of the Code on September 30, 1987, was dispatched to all interested parties. That notice set November 29, 1987, a Sunday, as the last date for the filing of a complaint objecting to the Debtor's discharge or a complaint to determine the dischargeability of a debt. On Monday, November 30, 1987, the Plaintiff filed its Complaint.

Citing to *In re Butcher*, 829 F.2d 596, 599–601 (6th Cir.1987), the Debtor argues that the sixty-day period for filing complaints challenging dischargeability established by Bankruptcy Rule 4007(c) is "set in stone" and expired on the date designated in the notice, sixty (60) days from the creditors' meeting, i.e., November 29, 1987, irrespective of the fact that this date was a Sunday. *See, e.g., In re Price*, 79 B.R. 888, 890 (9th Cir.BAP 1987).

*Butcher* involved an interpretation of 11 U.S.C. § 546(a), which requires that a bankruptcy trustee commence any action under 11 U.S.C. §§ 544, 545, 547, 548, or 553 within two years from the date of the trustee's appointment. The trustee there was appointed on August 17, 1983. The trustee commenced an action pursuant to 11 U.S.C. §§ 544, 547, and 548 on Monday, August 19, 1985. Following *Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th Cir.1980), a case interpreting 15 U.S.C. § 1640(e) of the federal Truth-in-Lending Act, the *Butcher* court held that the trustee was obliged to commence suit within two years of his appointment, i.e., on or before Friday, August 16, 1985. Particularly supportive of the Debtor's position of the Debtor here are the statements of the *Butcher* court that

the limitations period ran out after two years "irrespective of whether the last day falls on a Saturday, Sunday, or holiday," and that "[j]urisdiction must arise from section 546(a) without reference to Bankruptcy Rule [hereinafter referred to as "B.Rule"] 9006(a)." 829 F.2d at 601. B.Rule 9006(a) expressly provides that the last day of a limitation period is extended to the next day which is neither a Saturday, Sunday, legal holiday, or a date that the Clerk's office is inaccessible due to whether conditions. We note that the above statements of the *Butcher* court quoted were gratuitous, given its holding that the last permissible day for filing was a Friday.

The result of the *Butcher* case is directly contrary to a decision of Judge Fox of this court interpreting the interplay of 11 U.S. C. § 546(a) and Bankruptcy Rule 9006(a) in *In re Kaelin Associates Electrical Construction, Inc.*, 70 B.R. 412 (Bankr.E.D.Pa. 1987). Although Judge Fox did not have the benefit of the subsequent Court of Appeals decision in *Butcher*, and indeed cited the bankruptcy court decision ultimately reversed by the Court of Appeals in support of his decision, *id.* at 414, several considerations cause us to conclude that we should follow *Kaelin* instead of *Butcher*.

First, *Kaelin* is supported by a decision of our own Court of Appeals in *Frey v. Woodard*, 748 F.2d 173, 174–76 (3d Cir. 1984), which appears to directly rebut all of the arguments made by the *Butcher* court and by the Debtor here. That case involved interpretation of 28 U.S.C. § 2401(b) of the Federal Tort Claims Act, which requires a written presentment of the claim to the federal agency in issue, in that case the Marine Corps, "within two years after such claim accrues." The claim there accrued on April 21, 1977. The written presentment was provided on Monday, April 23, 1979. The Court of Appeals rejected the argument that Friday, April 20, 1979, was the last date to file a claim, as well as the argument that the fact that the Marine Corps recruiting office in the claimant's city was open until noon on Saturday, April 21, 1979, rendered the latter date, though a Saturday, the date of expiration of the limitations period. The Court characterized both the argument that the 28 U.S.C. § 2401(b) deadline was jurisdictional and that the courts are "always open" and thus that weekend days should be considered, the keynotes of the relevant *Butcher* statements, as "frivolous," 748 F.2d at 175.

Secondly, the only authority supporting the *Butcher* result is the decision in *Rust*. However, our Court of Appeals affirmed a district court decision of this court expressly declining to follow *Rust*'s interpretation of 15 U.S.C. § 1640(e). *Krajci v. Provident Consumer Discount Co.*, 525 F.Supp. 145, 149–50 (E.D.Pa.1981), *aff'd*, 688 F.2d 822 (3d Cir.1982).

Finally, we note that B.Rule 9006(a) was recently amended and broadened by the amendments effective on August 1, 1987. The last date of a period of time prescribed by the Rules is now extended when the Clerk's office is inaccessible due to weather conditions as well as when the last date for filing falls on a weekend date or holiday; and, much more significantly, "intermediate Saturdays, Sundays, and legal holidays" are excluded from computation of time-periods less than *eleven* days, as opposed to *seven* days, as it previously provided.[1] While the latter amendment to the Rule is of course not directly applicable to the facts at hand, as the period of time prescribed is far greater than eleven days, the Rule changes evince a loosening of strict construction of time deadlines.

---

1. This change would affect the reasoning of *In re Nucorp Energy, Inc.*, 812 F.2d 582 (9th Cir. 1987), a case referred to in the Briefs, as that case holds that the then seven-day period of B.Rule 9006(a), having failed to incorporate, at that point, the eleven-day period of Federal Rule of Civil Procedure 6(a), had no impact on the ten-day appeal time period set forth in B.Rule 8002(a). Query: would this change have affected the *Nucorp* result? Further query: Does the change in B.Rule 9006(a) extend the appeal time and/or the time for filing motions pursuant to B.Rule 9023, which previously have been strictly construed? *See In re W & L Associates*, 74 B.R. 681, 683 (Bankr.E.D.Pa.1987); and *In re Campfire Shop, Inc.*, 71 B.R. 521, 523–24 (Bankr.E.D. Pa.1987).

We shall therefore deny the Debtor's motion, and the parties shall therefore proceed to prepare for trial in accordance with the Pre-trial Order aspects of our Order of January 15, 1988, as amended January 20, 1988.[2]

---

**2.** *Cf. In re Pavelka,* 70 B.R. 170 (Bankr.E.D.Pa. 1986) (dischargeability complaint deemed time-  ly when it arrives in the District Court Clerk's office).