In re AMDURA CORPORATION; Amdura National Distribution Company, f/k/a Fok; Coastamerica Corporation; Coast to Coast Holdings, Inc.; Coast to Coast Stores, Inc.; Intertrade Cargo, Inc., Debtors.

AMDURA CORPORATION, Plaintiff,

v.

FAEGRE & BENSON, Defendant.

Bankruptcy Nos. 90 B 03811
E–90 B 03816 E.
Adv. No. 92 1415 RJB.

United States Bankruptcy Court,
D. Colorado.

June 29, 1992.

See also 121 B.R. 862, 130 B.R. 575, 139 B.R. 963.

Morris B. Hecox, Welborn, Dufford, Brown & Tooley, P.C., Denver, Colo., for plaintiff.

C.C. Onsager, Faegre & Benson, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon a COMPLAINT TO AVOID AND RECOVER TRANSFERS filed on April 1, 1992, and a FIRST AMENDED COMPLAINT TO AVOID AND RECOVER TRANSFERS filed on April 2, 1992. It is this latter complaint that is at issue. Defendant maintains that the amended complaint was not timely filed and should be dismissed.

The Debtors filed their petition in bankruptcy on April 2, 1990, and, pursuant to 11 U.S.C. § 546(a), had until two years after that date to file their avoidance action. Plaintiff asserts that applying Bankruptcy Rule 9006(a), its two-year period did not begin to run until the day *after* its bankruptcy petition was filed, making a complaint filed on April 2, 1992, timely. Defendant contends that 9006(a) may not be applied to § 546, citing *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520 (10th Cir.1990).

Central to this Court's decision in the case at bar is whether Rule 9006(a) is applicable to § 546(a); i.e., may 9006(a) be used to compute the two-year period set out in § 546(a)?[1] In *Zilkha,* the Debtor filed its

---

1. § 546. Limitations on avoiding powers.
   (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
   (1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or
   (2) the time the case is closed or dismissed. Rule 9006. Time
   (a) Computation. In computing any period of time prescribed or allowed by these rules

or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a

bankruptcy petition in September 1984, and it was not until March of 1989 that it filed its complaint seeking recovery of alleged overpayment of oil and gas royalties. Defendants sought dismissal for an untimely filed complaint and the Debtor/Plaintiff responded that, since the case had not been closed and the Debtor was not an "appointed trustee," the complaint was timely. The issue in *Zilkha* was not whether the date of the action should be included in computation of the two-year time period; rather, the issue was whether § 546(a) applied to a debtor in possession as well as appointed trustees. The court stated "The key to this case is the scope of § 546(a), and the question to resolve is whether a debtor in possession is subject to the same two-year statute of limitations as an appointed trustee." The court correctly found that it was, and stated in dicta that "the period of limitation begins to run from the date of the filing of a petition for reorganization under chapter 11. We reach that conclusion because the debtor becomes a debtor in possession on that day." Bankruptcy Rule 9006(a) was not at issue in *Zilkha*. Nor was the precise date when the statute of limitations begins to run essential to the court's decision. That court's gratuitous statements of when the period of limitations begins to run are therefore dicta and need not be binding upon lower courts.

Though there is a lack of precedential rulings in the 10th Circuit on the issue of whether Bankruptcy Rule 9006(a) is applicable to § 546(a), there is an abundance of case law in other circuits. Most frequently cited for the proposition that 9006(a) is not applicable is *In re Butcher*, 829 F.2d 596 (6th Cir.1987). The *Butcher* court determined that Bankruptcy Rule 9006(a) would only apply after the court had jurisdiction. It found that § 546(a) is a jurisdictional grant, and unless the action is commenced within the time period set out in that statute, the court had no jurisdiction to hear that action. The court refused to use 9006(a) to compute when that time period began, and instead, concluded that the time

period began to run the day of the trustee's appointment. Following that logic, another court may find that, since the statute states "two years *after* the appointment of the trustee," the time period begins to run the day *after* the trustee is appointed.

One of the purposes of the Bankruptcy Rules is to help the courts render uniform decisions. To refuse to apply one of these rules because the court does not have jurisdiction, when application of that rule will determine whether or not that court *does* have jurisdiction, allows the courts to use whatever method they choose to determine certain time limits. Uniformity in decisions will certainly suffer.

The case of *Frey v. Woodard*, 748 F.2d 173 (1984), involved interpretation of a statute with language similar to § 546(a). 28 U.S.C. § 2401(b) stated that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...." The *Frey* court stated

Section 2401(b) does not contain a time computation rule. It does not say whether the day of the liability causing event is included or excluded. It says nothing about weekends or holidays at the end of the two year period. Both with its beginning and with its end interpretation is required. Aside from the government's rule of interpretation that the claimant ought always to lose, no more satisfactory rule has been called to our attention than that, approved by Congress, and announced in Rule 6(a). That rule, excluding at the front end the day of the critical event, and excluding at the back end Saturdays, Sundays, and legal holidays, provides certainty, and if uniformly applied, uniformity.

The language of rule 9006(a) is not ambiguous, and application of the rule of statutory construction set out in *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), is appropriate ("as long as the statutory scheme is

legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the

clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute."). Rule 9006(a) states "in computing any period of time prescribed or allowed by ... *any applicable statute* ..." the day of the precipitating event is not to be counted. Congress did not say that the rule was to apply to statutes only if they were procedural or only if they did not confer jurisdiction. The rule is not so limited. The intent was that the rule apply to all applicable statutes. To find otherwise would require a determination that Congress did not mean what it said. Courts that refuse to apply the rule because they do not have jurisdiction miss the point. The rule must be applied *in order to determine if the court does have jurisdiction.* Admittedly the jurisdictional question is a "chicken and the egg" problem, but the *Butcher* court and the line of cases following it arrive at the egg while bypassing the chicken. The *Butcher* court determined that instead of using the rule of computation provided by Congress, it would use its own rule.

The courts agreeing with *Frey* are in the clear majority. *United Mine Workers of America, International Union v. Dole*, 870 F.2d 662 (D.C.Cir.1989) states

> ... time periods, including jurisdictional time periods, are to be construed in accordance with Fed.R.App.P. 26(a)[2], excluding final weekend days and holidays unless a specific statutory provision requires otherwise.... Statutory provisions laying down time periods for taking appeals, like any other enactments, must be interpreted and applied by courts; in so doing we use the federal rules as guides.

The court found that, even if the statute at issue was a jurisdictional grant, Fed. R.App.P. 26(a), which almost exactly tracks the language of Bankruptcy Rule 9006(a), was to be applied. Other courts have specifically found that § 546(a) was not a juris-

dictional grant. *In re Shape, Inc.*, 138 B.R. 334 (Bkrtcy.D.Me.1992) ("This Court, however, believes that § 546(a) is a true statute of limitations which, contrary to the jurisdictional concepts alluded to in *Butcher*, is simply a procedural limitation upon certain rights of a trustee.")

Even within *Butcher's* own circuit, courts have declined to follow that appellate decision (*Marietta Franklin Securities Co. v. Muldoon*, 770 F.Supp. 1212 (S.D.Ohio 1991)). The *Marietta* court declared "While this Court recognizes its duty to follow the precedents established within the 6th Circuit, it must decline to do so herein."

This Court finds that Bankruptcy Rule 9006(a) may be used to compute the two-year statute of limitations found in 11 U.S.C. § 546(a). Therefore, the complaint filed by Plaintiff on April 2, 1992, was filed timely. In that the amended complaint was filed within the two-year statute of limitations, the Court need not address the issue of whether it relates back to the date of the original complaint.

---

**2.** Rule 26. Computation and Extension of Time
  (a) Computation of Time
    In computing any period of time prescribed by these rules, by an order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period extends until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.