In The Matter of Joseph
A. SUTERA, Debtor.

Patrick W. BOATMAN,
Trustee, Plaintiff,

v.

Delmore FURNIA aka Del
Furnia, Defendant.

Bankruptcy No. 2–90–02737.
Adversary Proceeding No. 2–93–2072.

United States Bankruptcy Court,
D. Connecticut.

Aug. 10, 1993.

# 520

Patrick W. Boatman, and Stanley T. Fuger, Jr., Boatman, Boscarino & Grasso, Glastonbury, CT, for plaintiff-Trustee.

Thomas J. Farrell, Cranmore, Fitzgerald & Meaney, Hartford, CT, for defendant.

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS COMPLAINT

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

#### ISSUE

The question presented by the defendant's motion to dismiss the complaint [1] is whether the plaintiff-trustee's complaint to avoid alleged preferences and alleged fraudulent transfers is time barred because it was not filed within two years of the plaintiff-trustee's appointment. *See* Code § 546(a).[2] The following factual background is not in dispute.

### II.

#### BACKGROUND

On December 5, 1990 creditors filed an involuntary petition under chapter 7 of the Code against Joseph A. Sutera, the debtor. The court entered an order for relief on February 6, 1991, following which the debtor, on the same date, converted the case to one under Chapter 11. Certain creditors moved the court on February 11, 1991, pursuant to Code § 1104,[3] to order the ap-

---

**1.** Although the defendant's motion is so entitled, the motion, as his Memorandum of Law indicates, is more appropriately considered as a Fed.R.Civ.P. 12(c) Motion for Judgment on the Pleadings. See Fed.R.Bankr.P. 7012.

**2.** *§ 546. Limitations on avoiding powers.*
(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or
(2) the time the case is closed or dismissed.

**3.** *§ 1104. Appointment of trustee or examiner.*
(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee. . . .

.    .    .    .    .

(c) If the court orders the appointment of a trustee . . . , then the United States trustee, after consultation with parties in interest shall appoint, subject to the court's approval, one disinterested person other than the United States trustee to serve as trustee. . . .

pointment of a trustee. The court granted the motion on March 8, 1991 and directed the United States trustee to appoint a trustee.

The United States trustee, by a document entitled "Notice of Appointment of Trustee" executed on March 11, 1991, appointed Patrick W. Boatman (Boatman) as such trustee. The United States trustee simultaneously filed an "Ex Parte Application of Chapter 11 Trustee." This application recited that the United States trustee, following the order of the court directing the appointment of a trustee, "has conferred with the parties present at the hearing regarding their proposal of a trustee" and that the United States trustee "believes that Patrick W. Boatman, Esq. is best qualified to serve as trustee in this case." The court, on March 12, 1991, entered an order which stated, *inter alia*, "that pursuant to 11 U.S.C. § 1104(c), the appointment of Patrick W. Boatman, Esq. as trustee is approved."

On June 5, 1991, on Boatman's motion, the court, after notice and hearing, reconverted the case to one under chapter 7. Boatman, on June 6, 1991, was appointed as the chapter 7 case trustee.

Boatman filed the pending complaint on March 12, 1993 against Delmore Furnia, the defendant, to avoid and recover preferential transfers and fraudulent transfers allegedly aggregating $467,250.00. The defendant's motion asserts that the two-year limitation period for commencing avoiding actions contained in Code § 546(a) commenced either (1) on March 11, 1991, the date the United States trustee appointed Boatman as trustee, and thus expired on March 10, 1993, or (2) on March 12, 1991, the date of the court's order approving the appointment, and thus expired on March 11, 1993. The defendant contends that in either instance the filing of the complaint on March 12, 1993 was untimely so that a judgment for the defendant dismissing the complaint should enter.

## III.

## DISCUSSION

### A.

### What Is The Date Of Appointment Of The Trustee?

The defendant makes a "plain-meaning" argument[4] asserting that the language of § 546(a) is unambiguous and plainly provides that the two-year bar date runs from "the appointment of a trustee." *See* Code § 546(a), *supra*, note 2. Since the United States trustee "appointed" Boatman on March 11, 1991, the defendant contends the limitation period should be held to have started on that date and to have expired on March 10, 1993, two days prior to the commencement of Boatman's action. The defendant candidly acknowledges that there are no court holdings in support of this reasoning.

■■■ The operative date of a trustee's appointment under § 1104 is the one when the court enters an order which approves the United States trustee's appointment of a trustee. As several courts have noted, the appointment process under § 1104 is a collaborative three-step process. Step one occurs when the bankruptcy court orders the appointment of a trustee on a party's motion and after notice and hearing; step two is the appointment by the United States Trustee, subject to the court's approval; step three is the court's approval of the appointment, if appropriate in light of the conditions outlined in § 1104(c). It is only upon the completion of all three steps that a trustee is authorized to perform the duties of a trustee and becomes subject to the time limitations contained in the Code. *See Knopfler v. Schraiber (In re Schraiber)*, 141 B.R. 1008, 1013 (Bankr.N.D.Ill. 1992); *Hargis v. Cone (In re Glenco International Corp.)*, 115 B.R. 308, 311 (Bankr. W.D.Okla.1990). *See also O'Donnell v. The Washington Post (In re Bob Grisset*

---

**4.** "The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention

of its drafters.'" *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) (citation omitted).

*Golf Shoppes, Inc.)*, 58 B.R. 996, 998 (E.D.Va.1986) ("It is the formal order of appointment bearing the signature of the Bankruptcy Judge which unambiguously evidences the commission and authority of the trustee to act. It is the date of the Bankruptcy Judge's order which should start the running of the statute of limitations."). *Cf. Albrecht v. Robison*, 36 B.R. 913 (D.Utah 1983).

The defendant's argument on how to determine the date of Boatman's appointment is not sustainable, and March 12, 1993 is found to be the date of Boatman's appointment, the date of the court's order approving the appointment.[5]

### B.

### *The Commencement Date Of The Two–Year Limitation Period*

The defendant's second contention is that if the limitation period started to run on March 12, 1991, "two years after the appointment" ended on March 11, 1993. Boatman's response is to rely on Fed. R.Bankr.P. 9006(a). Rule 9006(a) provides that "[i]n computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of the court, or by any applicable statute, the date of the act, event, or default from which the designated period of time begins to run shall not be included. . . ." Boatman accordingly argues that March 13, 1991, the day after the act or event of his appointment was day one of the two-year limitations period, with the final day being March 12, 1993, when he filed his complaint. The defendant denies that Rule 9006(a) can be used in the circumstances present here.

In this instance, there is decisional authority upholding each party's argument. The defendant cites *In re Butcher*, 829 F.2d 596 (6th Cir.1987), *cert. denied* 484 U.S. 1078, 108 S.Ct. 1058, 98 L.Ed.2d 1020 (1988) which holds that a bankruptcy trustee may not utilize Rule 9006(a) in computing the two-year limitation period of

§ 546(a). The *Butcher* court ruled that the "Bankruptcy Rules govern procedural matters after a proceeding has been timely commenced. Jurisdiction must arise from section 546(a) without reference to Bankruptcy Rule 9006(a)." 829 F.2d at 601. The court concluded "that the bankruptcy court had no jurisdiction to hear the cause of action" when the complaint was not timely filed. *Id.* The *Butcher* court relied for its analysis on its prior holding in *Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th Cir.1980). *Rust* decided that Fed. R.Civ.P. 6(a), the identical counterpart of Rule 9006(a), could not affect the statute of limitations applicable to the Truth–In–Lending Act, 15 U.S.C. §§ 1601 *et seq.* The court reasoned that Rule 6(a) could not change the premise that a complaint must be filed within the time prescribed by the statute. *See also Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259, 262 (8th Cir.1992) (follows *Rust* ruling in action started under Fair Debt Collection Practices Act.)

Other circuits which have dealt with this issue apply the computation-of-time rule of Rule 6(a) to federal statutes to determine timeliness of filings, concluding the rule provides to time-computation methods "certainty, and if uniformly applied, uniformity." *Frey v. Woodard*, 748 F.2d 173, 175 (3rd Cir.1984). *See also United Mine Workers of America, International Union v. Dole*, 870 F.2d 662, 665 (D.C.Cir. 1989) (rejecting *Butcher* and approving *Frey*—"we decline to follow the analysis of the Sixth Circuit . . . which reasons that applications of the federal rules to statutory time periods unjustifiably enlarge jurisdiction of the federal courts."); *Maahs v. United States*, 840 F.2d 863, 866 (11th Cir. 1988) (Rule 6(a) applies to determining two-year time limitations for presenting notice under Federal Tort Claims Act); *Hart v. United States*, 817 F.2d 78, 80 (9th Cir. 1987) (same); *Kane v. Douglas, Elliman, Hollyday & Ives*, 635 F.2d 141, 142 (2nd Cir.1980) (Rule 6(a) applies in determining whether action filed timely pursuant to Title VII of Civil Rights Act of 1969). *Law-*

---

**5.** The trustee does not argue any other date is applicable in this proceeding.

son v. *Conyers Chrysler, Plymouth and Dodge Trucks, Inc.*, 600 F.2d 465, 466 (5th Cir.1979) ("This court has consistently used Rule 6(a)'s method for computing federal statutory time limitations."). *See also Amdura Corporation v. Faegre v. Benson (In re Amdura Corporation)*, 142 B.R. 433, 435 (Bankr.D.Col.1992) ("Bankruptcy Rule 9006(a) may be used to compute the two-year statute of limitations found in 11 U.S.C. § 546(a)."); *Zimmerman v. National Electrical Benefit Fund, (In re Kaelin Associates Electrical Construction, Inc.)*, 70 B.R. 412, 414–15 (Bankr.E.D.Pa.1987) ("[U]nless Congress has expressly stated otherwise, the computational scheme set out in Rule 6 will apply to federal limitation statutes.... [T]he methodology set forth in Bankr.Rule 9006(a) should be used to compute the meaning of the phrase of 'two years' set out in 11 U.S.C. § 546(a)."); *Judson v. International Terminal Operating Co., (In re Oro Import Co.)*, 69 B.R. 6, 8 (S.D.Fla.1986) (Rule 9006(a) applies to § 546(a)).

Notwithstanding the substantial number of courts that have rejected the *Butcher–Rust* doctrine, the defendant asserts that the Second Circuit would either restrict its decision in *Kane, supra,* to actions under Title VII, or that "the logic of *In re Butcher* would compel the Second Circuit to revisit the opinion in *Kane*." *Defendant's Memorandum* at 7.

I do not agree. The doctrine that the federal rules dealing with computation of time apply only to actions after a complaint is brought removes the certainty to time computation that Rules 6(a) and 9006(a) further.[6] The *Frey* court called the argument that Rule 6(a) expanded the jurisdiction of the court "frivolous." 748 F.2d at 175. 4A Wright & Miller, *Federal Practice and Procedure: Civil 2nd,* § 1163 at 468 comments: "Federal courts also have applied Rule 6 to the computation of statutory limitations periods when they believed that the statute in question did not evidence a contrary policy or if the statute

was enacted after Rule 6 became effective; in the latter context, if the statute is silent it is reasonable to conclude that Congress intended the time period to be computed in accordance with the provisions of the federal rule."

Section 546(a) contains no internal provisions on how to compute the two-year limitation period it establishes. I conclude that the Second Circuit would readily accept the proposition that Congress intended that the Federal Rules of Bankruptcy Procedure be applicable in full, and without exception, to all provisions of the Bankruptcy Code, and that Rule 9006(a) shall apply to Code § 546(a).

### IV.

### CONCLUSION

The defendant's motion for a judgment dismissing the complaint is hereby denied. It is

SO ORDERED.

---

**6.** An earlier ruling in the Second Circuit, *Joint Council Dining Car Employees Local 370 v. Delaware L. & W.R. Co.*, 157 F.2d 417 (2nd Cir.1964), which adverts to the *Butcher–Rust* concept, was described as "dictum" by the *Kane* court which "declin[ed] to extend the dictum". 635 F.2d at 142.