Robert L. **RUST**, Plaintiff-Appellant,

v.

**QUALITY CAR CORRAL, INC.; and the Provident Bank, Defendants-Appellees.**

No. 77–3528.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 10, 1979.

Decided Feb. 20, 1980.

Drake W. Ebner, Swain & Hardin, Cincinnati, Ohio, for plaintiff-appellant.

W. Kenneth Zuk, Zuk & Schaeffer, James R. Whitaker, Keating, Muething & Klekamp, Cincinnati, Ohio, for defendants-appellees.

Before CELEBREZZE, MERRITT and MARTIN, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

This case requires us to construe 15 U.S.C. § 1640(e), the statute of limitations applicable to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* Plaintiff Rust appeals the district court's dismissal of the action based upon the one-year statute of limitations contained in § 1640(e). We affirm.

On July 1, 1976, plaintiff entered into an installment sale agreement with defendant Quality Car Corral, Inc. Quality Car subsequently assigned its interest in the contract to defendant Provident Bank. On July 1, 1977, Rust filed a complaint in district court. He alleged that defendants' extension of credit to finance the transaction had violated various provisions of the Truth in Lending Act. Defendants moved to dismiss, contending that Rust was barred from suit for failure to bring his claim within the one-year statute of limitations.

■ The issue here is whether the statutory limitations period had expired when Rust filed his claim on July 1, 1977. The governing statute provides: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, *within one year from the date of occurrence of the violation.*" 15 U.S.C. § 1640(e) (emphasis added).

Appellant argues that "one year" should be computed by applying Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(a) states:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. . .

Thus, according to plaintiff's interpretation, the July 1, 1977 filing was timely because the statute of limitations did not begin to run until July 2, 1976.

In support of his position, plaintiff cites *Gammons v. Domestic Loans of Winston-Salem, Inc.,* 423 F.Supp. 819 (M.D.N.C. 1976), and *Souife v. First National Bank of Commerce, New Orleans, Louisiana,* 452 F.Supp. 818 (E.D.La.1978). Both cases applied Rule 6(a) to computations of the 15 U.S.C. § 1640(e) limitations period.

■ We believe, however, that defendants have expressed the better view of the relationship between a federal statute and Rule 6(a). The Truth in Lending Act creates a cause of action and confers jurisdiction on federal courts to hear cases arising under the statute. That jurisdiction is defined and circumscribed by the Act itself, in a temporal as well as a substantive sense. If a complaint is not filed within the time period prescribed by 15 U.S.C. § 1640(e), a federal court has no jurisdiction to entertain it.

The Federal Rules of Civil Procedure do not alter this fundamental premise. The "rules shall not be construed to extend or limit the jurisdiction of the United States district courts . . . ." Rule 82, Fed.R. Civ.P. Their design is, rather, to govern procedural matters once an action is properly before the court. *See Joint Council Dining Car Employees, Local 370 v. Delaware, L. & W. R. Co.,* 157 F.2d 417 (2d Cir. 1946). Accordingly, we must find jurisdiction in this case, if at all, in the statute itself and not by reference to Rule 6(a).

The district court held that the language of Section 1640(e) precludes adoption of plaintiff's position. We agree. The phrase "within one year from the date of occurrence" is straightforward. Nothing in that language supports judicial implication of a lapse in time between the "occurrence" and the date the statute of limitations begins to run. In the context of this case, the alleged violations took place on July 1, 1976. To obtain relief under the Act, Rust had one year—365 days—beginning on the date of

the transaction to file his complaint. The last day of that year was June 30, 1977. Any other analysis would be inconsistent with the statutory language. We have already indicated this understanding of Section 1640(e) in dictum. *Wachtel v. West,* 476 F.2d 1062, 1066 (6th Cir.), *cert. denied,* 414 U.S. 874, 94 S.Ct. 161, 38 L.Ed.2d 114 (1973). We reaffirm that interpretation here and note that the Third Circuit concurred in our reading of the statute in *Bartholomew v. Northampton National Bank of Easton,* 584 F.2d 1288, 1296 (3d Cir. 1978).

The judgment of the district court is affirmed.