In re Gary A. PLANTE, Debtor.

FIRST NATIONAL BANK OF
PORTSMOUTH, Plaintiff,

v.

Gary A. PLANTE, Joseph Albanese,
Trustee, Defendants.

Bankruptcy No. 282–00142.

Adv. No. 282–0134.

United States Bankruptcy Court,
D. Maine.

March 27, 1984.

Joseph Albanese, Ordway, Delicata & Albanese, Biddeford, Me., trustee.

David K. Fulton, Boynton, Waldron, Doleac, Woodman & Scott, P.A., Portsmouth, N.H., for plaintiff.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

On May 7, 1982, the First National Bank of Portsmouth ("Bank") filed a complaint for relief from stay, seeking authority to pursue its alleged security interest in an automobile. The trustee's answer alleges that the Bank's security interest is a preference subject to avoidance pursuant to 11 U.S.C. § 547.[1] By consent of all parties and pursuant to this Court's order, the automobile was sold. The proceeds are being held subject to a determination of the validity of the Bank's security interest.

The Court finds the following facts. On December 31, 1981, the debtor purchased an automobile from a dealer, who provided financing for the purchase and acquired a security interest in debtor's vehicle. The security agreement was immediately assigned to the Bank. An application for a certificate of title was forwarded to the Maine Secretary of State, who received it on January 11, 1982. Pursuant to Me.Rev. Stat.Ann. tit. 29, § 2402(2), a security interest in a motor vehicle is perfected when the title application is received by the Secretary of State. On April 5, 1982, the debtor filed his bankruptcy petition.

The trustee may avoid as a preference any transfer of property of the debtor

1. The trustee's answer also raised issues relating to whether the debtor was a resident of Maine or New Hampshire. The trustee has since abandoned those issues.

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition;

.     .     .     .     .

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). Section 547(e)(2) further provides in pertinent part that

a transfer is made—

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time;

(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days....

As noted above, the transfer by the debtor of the security interest in his automobile took effect between the transferor and the transferee on December 31, 1981. The transfer was perfected *eleven* days later on January 11, 1982, the date the title application was received by the Secretary of State. It is the trustee's contention that pursuant to section 547(e)(2)(B), the transfer of the security interest should be deemed to have occurred on January 11, 1982, which is within 90 days of the April 5th filing of the bankruptcy petition. The security interest was transferred by the debtor "on account of" the debt he incurred when he purchased the car on December 31, 1981. If

the security interest is deemed to have been transferred on January 11, 1982, then it was transferred "on account of an antecedent debt" within the meaning of 11 U.S.C. § 547(b)(2). Accordingly, the trustee argues, the transfer of the security interest should be held to be an avoidable preference.

The Bank concedes that its security interest was perfected eleven days after it became effective between the transferor and the transferee, but the Bank notes that the tenth day following December 31, 1981 was a Sunday. The Bank argues that Bankruptcy Rule 9006(a) [2] should govern the computation of the ten-day relation back period set out in 11 U.S.C. § 547(e)(2)(A). Rule 9006(a) states in pertinent part:

COMPUTATION. In computing any period of time prescribed or allowed by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

If Rule 9006(a) applies, then the ten-day relation back period following December 31, 1981 would be extended to include Monday, January 11, 1982. Because the Bank perfected its security interest on that day, the security interest should be deemed to have been transferred on December 31, 1981. 11 U.S.C. § 547(e)(2)(A). If the security interest is deemed to have been transferred on December 31, then (1) the transfer took place *more* than 90 days before the date of the filing of the bankruptcy petition, and (2) the transfer was *not* made on account of an antecedent debt.

2. Bankruptcy Rule 9006 superseded former Bankruptcy Rule 906 as of August 1, 1983. The new Bankruptcy Rules govern then-pending proceedings unless their application would not

be feasible or would work injustice. The Court notes that the pertinent part of Rule 9006(a) is essentially the same as former Rule 906(a), and therefore applies the new Rule.

Therefore, the Bank argues, the trustee's preference action should fail.[3]

On its face, Bankruptcy Rule 9006(a) would appear to govern this case, for it applies to *"any* period of time ... allowed by ... *any* applicable statute...."* (emphasis added). The trustee asserts, however, that Bankruptcy Rule 9006 applies solely to computation of time periods *following* the commencement of a bankruptcy case. In *Harbor National Bank of Boston v. Sid Kumins, Inc.,* 696 F.2d 9 (1st Cir.1982), the First Circuit Court of Appeals held that former Bankruptcy Rule 906(a) applies to the computation of the 90-day preference period of 11 U.S.C. § 547(b)(4), stating explicitly that Rule 906(a) "controls the computation of a period prior to the commencement of the bankruptcy case...." *Id.* at 10 (emphasis added); *cf. Action Industries Inc. v. Dixie Enterprises, Inc. (In re Dixie Enterprises, Inc.),* 22 B.R. 855 (Bkrtcy.S.D.Ohio 1982) (computation method of former Bankruptcy Rule 906(a) applied in computing 10-day reclamation period which preceded bankruptcy filing). Neither the 90-day period of section 547(b)(4) nor the ten-day period of section 547(e)(2) has any legal significance until after a bankruptcy petition is filed. The Court finds no persuasive reason to distinguish these two periods for the purpose of determining whether or not Rule 9006(a) should apply. Accordingly, the Court holds that because January 10, 1982 was a Sunday, the 10-day period set forth in section 547(e)(2) ran in the instant case from December 31, 1981 up to and including January 11, 1982. The trustee's attempt to avoid the Bank's security interest in the debtor's automobile as a preference must therefore fail.

Enter Order.

---

**3.** The Bank also argues that certain exceptions to the trustee's avoiding power, *see* 11 U.S.C. § 547(c)(1)–(3), and/or that a 20-day grace period under state law, *see* Me.Rev.Stat. Ann. tit. 29,

§ 2402(2), are here applicable. In light of the Court's decision, the Court need not decide these issues.