**In re C.H. BUTCHER, Jr., Debtor.**

**James R. MARTIN, Trustee, Plaintiff,**

**v.**

**FIRST NATIONAL BANK OF LOUISVILLE, Defendant.**

No. 3–83–01008.

Civ. No. 3–86–054.

United States District Court,
E.D. Tennessee, N.D.

July 21, 1986.

---

**2.** *In re Production Steel, Inc.,* 60 B.R. 4, 5 (Bkrtcy.M.D.Tenn., 1986)

**3.** *Id.*

**4.** 5A J. Moore, Federal Practice, § 52.11[1] at 52–192 (2d 1986).

Neal S. Melnick, Baltimore, Md., James R. Moore, Knoxville, Tenn., for plaintiff.

Robert W. Griffith, Louisville, Ky., John A. Lucas, Knoxville, Tenn., for defendant.

## MEMORANDUM

JARVIS, District Judge.

■ This action presents an appeal from an Order ["Order"] entered by the United States Bankruptcy Court for the Eastern District of Tennessee on December 30, 1985, 57 B.R. 101, denying the motion to dismiss of defendant First National Bank of Louisville ["First National"]. On March 4, 1986, this Court granted First National leave to appeal the Order because the Order involved a controlling question of law to which there is a substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). [Doc. 5]. Oral argument was heard on May 21, 1986. Only one question is presented by this appeal: Whether or not the trustee complied with the applicable statute of limitations, 11 U.S.C. § 546(a) in filing this action.

### Statement of the Case

James R. Martin was appointed Trustee ["Trustee"] of the Estate of the Debtor, C.H. Butcher, Jr., on August 17, 1983. On August 19, 1985, the Trustee filed his complaint in the United States Bankruptcy Court for the Eastern District of Tennessee, bringing claims against First National seeking to avoid preferential transfers to First National under 11 U.S.C. § 547 (1979) and fraudulent transfers under 11 U.S.C. §§ 544(b) and 548(a) (1979) in the aggregate of $1,986,204.22.

In response to the Trustee's complaint, First National filed a motion to dismiss, contending that the action was barred by the applicable statute of limitations, 11 U.S.C. § 546(a) (1979), which provides:

> An action or proceeding under Section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
>
> (1) Two years after the appointment of a trustee under Section 702, 1104, 1163, or 1302 of this title; and
>
> (2) The time the case is closed or dismissed.

11 U.S.C. § 546(a) (1979). The Trustee, of course, argued that the complaint was timely filed, contending Bankruptcy Rule 9006(a) * requires the exclusion of Saturday

---

* In pertinent part, this rule provides:

In computing any period of time prescribed or allowed by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to

and Sunday in computing the two-year period under Section 546(a).

The Bankruptcy Court agreed with the Trustee and denied First National's motion by a Memorandum and Order entered on December 30, 1985, in which it applied Rule 9006(a) of the Rules of Bankruptcy Procedure.

### Law

First National primarily relies on *Rust v. Quality Car Corral, Inc.,* 614 F.2d 1118 (6th Cir.1980) in support of its position. In *Rust,* the Sixth Circuit was confronted with a fact situation which required them to construe 15 U.S.C. § 1640(e), the statute of limitations applicable to the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* The District Court had dismissed the action based upon the one-year statute of limitations contained in Section 1640(e) and the Sixth Circuit affirmed. The pertinent facts of *Rust* as set forth by the Sixth Circuit are as follows:

> On July 1, 1976, plaintiff entered into an installment sale agreement with defendant Quality Car Corral, Inc. Quality Car subsequently assigned its interest in the contract to defendant Provident Bank. On July 1, 1977, Rust filed a complaint in district court. He alleged that defendants' extension of credit to finance the transaction had violated various provisions of the Truth in Lending Act. Defendants moved to dismiss, contending that Rust was barred from suit for failure to bring his claim within the one year statute of limitations.

*Id.,* at 1119.

The precise issue in *Rust* is whether or not the statutory limitations period had expired when Rust filed his claim on July 1, 1977. The applicable statute of limitations in *Rust,* 15 U.S.C. § 1640(e) provides in pertinent part as follows:

> Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, *within one year* from the date of occurrence of the violation. (emphasis added).

15 U.S.C. § 1640(e).

Rust argued that the "one year" should be computed by applying Rule 6(a) of the Federal Rules of Civil Procedure, which is essentially codified in Rule 9006(a) of the Rules of Bankruptcy Procedure, *supra.* Rust then posited that the July 1, 1977 filing was timely because the statute of limitations did not begin to run until July 2, 1976, the day after the installment sale was entered into, because Rule 6(a) of the Federal Rules of Civil Procedure clearly states that "[i]n computing any period of time ... allowed ... by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included ..."

Nevertheless, the Sixth Circuit agreed with the holding of the District Court that the language of Section 1640(e) precluded adoption of Rust's position and stated as follows:

> The phrase "within one year from the date of occurrence" is straightforward. Nothing in that language supports judicial implication of a lapse in time between the "occurrence" and the date the statute of limitations begins to run. In the context of this case, the alleged violations took place on July 1, 1976. To obtain relief under the Act, Rust had one year—365 days—beginning on the date of the transaction to file his complaint. The last day of that year was June 30, 1977.

[*Id.,* at 1119–20].

Obviously, the *Rust* case can be distinguished from the instant case since different statutes are involved. More to the point, the Trustee maintains that the statute in question in *Rust,* 15 U.S.C. § 1640(e), is both a statute of limitations and a jurisdictional grant, whereas the statute in question in the instant case, § 546(a), is procedural only—it does not confer jurisdic-

---

run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.
Bankruptcy Rule 9006(a).

tion. Thus, the Trustee would have this Court fashion a rule by which judges determine the applicability of Rule 6 or Bankruptcy Rule 9006 by discovering whether or not the grant of jurisdiction and creation of the limitation period occur in the same paragraph or numerical section of the statutory scheme. This, the Court refuses to do for the following reasons:

First, the Court is of the opinion that the Sixth Circuit in *Rust* did not refuse to apply Rule 6(a) because of any compositional or linguistic peculiarities of the Truth in Lending Act. To the contrary, the Court agrees with First National that the *Rust* court was dealing in general with the relationship between Rule 6(a) and federal statutes. In particular, the Court stated:

We believe, however, that defendants have expressed the better view of the relationship between a federal statute and Rule 6(a). The Truth in Lending Act creates a cause of action and confers jurisdiction on federal courts to hear cases arising under the statute. That jurisdiction is defined and circumscribed by the Act itself, in a temporal as well as a substantive sense. If a complaint is not filed within the time period prescribed by 15 U.S.C. § 1640(e), a federal court has no jurisdiction to entertain it.

*Id.*, at 1119. Citing Rule 82 of the Federal Rules of Civil Procedure, the Court went on to note that procedural rules merely "govern procedural matters once an action is properly before the Court." [*Id.*].

Accordingly, based on the above language of *Rust*, the Court is compelled to agree with the position of First National that *Rust* stands for the proposition that procedural rules such as Rule 6(a) and Bankruptcy Rule 9006(a) do not come into play until after the plaintiff has timely filed his complaint. In the words of counsel for First National, "A procedural rule that first springs into life on Monday cannot be invoked to resurrect a cause of action that expired on Friday, Saturday or Sunday." [Doc. 7, p. 1]. The Court believes that the underlying message of *Rust* is that procedural rules such as Rule 6(a) and Bankruptcy Rule 9006(a) properly extend time periods prescribed by the rules or by any applicable statute once the action has commenced, but they cannot enlarge *ex post facto* the time for commencing the action itself. Therefore, because the Trustee filed his complaint three days after expiration of the two-year period established by 11 U.S.C. § 546, the Court is constrained to hold that the Trustee never properly commenced this action, thereby conferring jurisdiction on the Bankruptcy Court. Thus, neither Rule 9006(a) nor any other rule of procedure can save his cause of action.

The Court would further note that its conclusion is buttressed by certain language set forth in both Rule 6(a) and Rule 9006(a). Both rules refer to computing periods of time allowed "by any applicable statute." This language is unquestionably broad enough to encompass the statute in question in *Rust*, *i.e.*, the Truth in Lending Act, and the statute in question in the case *sub judice*. Yet, the *Rust* court chose to conclude otherwise for the same reasons this Court is now compelled to do so.

As a final matter, the Court concurs with the opinion of the learned Bankruptcy Judge that, as currently worded, Rule 9006(a) clearly invites reliance by litigants in calculating the time available within which to exercise their rights. Moreover, the Court agrees with the Bankruptcy Court that its conclusion comports with the liberal spirit of the federal rules in their quest to avoid "setting traps for the unwary." *See,* Wright & Miller, *Federal Practice and Procedure,* § 1163 at 614 (1969). Nevertheless, the Court is constrained to hold as it has based on the clear meaning of *Rust* and the fact that neither this Court nor the Bankruptcy Court nor the Trustee has been able to effectively distinguish *Rust* so as to confer jurisdiction on the Bankruptcy Court when the Trustee did not file within the applicable statute of limitations.

Thus, the decision of the Bankruptcy Court must be REVERSED, and the motion to dismiss filed by First National must be GRANTED and this case must be DISMISSED.

Order accordingly.