In re Herbert J. LAMONS, Versell M. Lamons, Debtors.

David M. WHITTAKER, Trustee, Plaintiff,

v.

BANCOHIO NATIONAL BANK, Defendant.

Bankruptcy No. 2–88–06072.
Adv. No. 2–89–0190.

United States Bankruptcy Court, S.D. Ohio, E.D.

Sept. 25, 1990.

David M. Whittaker, pro se; Luper, Wolinetz, Sheriff & Neidenthal, Columbus, Ohio, for trustee.

Leon Friedberg, Benesch, Friedlander, Coplan & Aronoff, Columbus, Ohio, for defendant BancOhio Nat. Bank.

## OPINION AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

BARBARA J. SELLERS, Bankruptcy Judge.

This adversary proceeding is before the court upon cross motions for summary judgment. The first motion was filed by the plaintiff, David M. Whittaker, the trust-ee ("Trustee") of the Chapter 7 bankruptcy estates of Herbert and Versell Lamons. Defendant BancOhio National Bank ("BancOhio") also moved for summary judgment. Both motions are opposed and are before the Court for decision after oral argument.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference previously entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) and (K) which this Court may hear and determine. The procedure by which the relief requested is sought is governed by Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7056.

Rule 56(c) of the Federal Rule of Civil Procedure provides that:

> A judgment shall be rendered in favor of the moving party if the pleadings, depositions, answer to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of fact and that the moving party is entitled to a judgment as a matter of law.

The purpose for permitting disposition of certain actions on the basis of summary judgment is to eliminate the need for an evidentiary hearing if it is clear from documents and information before the Court that the only issues are legal questions concerning uncontested facts.

## FACTUAL BACKGROUND

This adversary proceeding was initiated by the Trustee to avoid a lien and recover the value of an alleged preferential transfer. After consideration of the complaint, answer, memoranda, affidavits, exhibits, and oral argument, the Court finds that the following facts are essentially uncontested.

On September 30, 1988, Herbert and Versell Lamons ("Debtors") agreed to purchase a 1988 Chevrolet Astro from Swad Chevrolet, Inc. ("Swad"). In connection with that purchase the Debtors executed a Simple Interest Note and Security Agreement ("Note & Security Agreement"). The Note & Security Agreement were on a

form entitled "Quarterly Variable Rate Interest Note and Security Agreement—Dealer." After executing the Note & Security Agreement, the Debtors left the document with Swad.

On October 2, 1988, Debtors returned to Swad and picked up the vehicle. On October 13, 1988, a certificate of title was issued for the vehicle which included a lien notation in favor of BancOhio. The following day, October 14, 1988, Swad delivered the Note & Security Agreement and the title to BancOhio and received a cashier's check in the amount of $17,092. The check was payable to Swad.

On December 27, 1988, the Debtors filed their petition under Chapter 7 of the Bankruptcy Code. On May 3, 1989, the Trustee filed this complaint against BancOhio.

## THE LEGAL ARGUMENTS

The Trustee's complaint alleged that the transfer of a security interest in the vehicle to BancOhio was a preferential transfer. Therefore, the Trustee seeks to avoid the lien and recover the value of the transfer for the benefit of the estate pursuant to 11 U.S.C. §§ 547 and 550. BancOhio denied the Trustee's allegations and raised several affirmative defenses. The Trustee then moved for summary judgment, asserting that the transaction satisfied all elements of a preference as set forth in 11 U.S.C. § 547(b) and that the affirmative defenses relied on by BancOhio were not applicable. In response, BancOhio contended that the Trustee's motion failed to meet the requirements for summary judgment of Bankruptcy Rule 7056 and that its affirmative defenses are meritorious under 11 U.S.C. §§ 547(c)(3) and 547(c)(1). BancOhio also moved for summary judgment in its favor on the ground that even if a preferential transfer occurred, that transfer was protected from avoidance by the "enabling loan" exception of § 547(c)(3).

## ISSUES

The issues before the Court are twofold.

1. Has the Trustee established that the transfer to BancOhio was for or on account of an antecedent debt owed by the Debtors before the transfer was made?

2. If the transfer is a preference, has BancOhio established an "enabling loan" defense to such transfer under 11 U.S.C. § 547(c)(3)?

## DISCUSSION

### A. *The Debt as Antecedent to the Transfer.*

For the Trustee to prevail on his motion, he must establish sufficient, uncontested facts to support his contention that a preferential transfer occurred pursuant to 11 U.S.C. § 547(b). Pursuant to 11 U.S.C. § 547(g), the Trustee has the burden of proof on all elements required under § 547(b).

In this adversary all elements of a preference, as set forth in 11 U.S.C. § 547(b), are conceded by BancOhio or uncontested except the requirement that the transfer be on account of an antecedent debt. 11 U.S.C. § 547(b)(2). Although the Bankruptcy Code does not define an "antecedent debt," the term includes a debt incurred before the transfer. 4 *Collier on Bankruptcy*, (15th ed.) paragraph 547.05 at 547–33 (*citing In re Mobley*, 15 B.R. 573 [Bankr.S.D. Ohio 1981]). The issue raised by BancOhio is when the debt between it and the Debtors was "incurred"?

The Trustee argues that the Debtors incurred their debt to BancOhio either on September 30, 1988, when the Note and Security Agreement was executed, or at the latest, when the Debtors took possession of the vehicle on October 2, 1988. However, BancOhio maintains that because the Note and Security Agreement was not delivered to it until October 14, 1988, the Debtors had not incurred any obligation to BancOhio until that document delivery occurred and BancOhio advanced the funds for the purchase. As the delivery of the documents and advancement of funds were subsequent to the lien notation, if BancOhio is correct, the transfer effected by the lien notation would not be antecedent to the debt.

A debt is defined in Title 11 as "liability on a claim." 11 U.S.C. § 101(11). A claim, in turn, means a "right to payment, whether or not such right is ... fixed, contingent," or "matured." 11 U.S.C. § 101(4). Neither of those definitions define when a debt is incurred. When read together with the various case holdings, however, the conclusion is inescapable that a debt is not incurred until a debtor has a legal obligation to pay, based upon a "property interest in the consideration exchanged." *Barash v. Public Finance Corp.*, 658 F.2d 504, 509 (7th Cir. 1981); *Wickham v. United American Bank (In re Property Leasing & Management, Inc.)*, 46 B.R. 903, 913 (Bankr.E.D. Tenn.1985); *In re Brown*, 20 B.R. 554 (Bankr.S.D.N.Y.1982).

The execution of the Note and Security Agreement was not sufficient to impose a legal obligation to pay upon the Debtors. Not until BancOhio advanced the borrowed funds, either to the Debtors or, as in this case, directly to the dealer Swad, did the Debtors have a property interest in the consideration exchanged. Not until the loan was funded could there be any enforceable obligation to repay BancOhio.

The relationship between the Debtors and BancOhio did not ripen into a debt until October 14, 1988 when the bank advanced the funds to Swad on the Debtors' account. Because the property transfer effectuated by the lien notation on the vehicle title occurred on October 13, the transfer of the Debtors' property preceded the incurrence of the debt. Accordingly, there was no transfer on account of an antecedent debt and that element of a preference cannot be shown.

B. *The Enabling Loan Defense.*

Although the Court has determined that the transfer of the Debtors' property to BancOhio was not a preferential transfer, the affirmative defense issue raised by BancOhio's motion will also be discussed in the event that holding should be found to be erroneous.

BancOhio asserts that the transfer of the Debtor's property by the notation of a lien against Versell Lamons' vehicle is not avoidable as a preference because the transfer was part of an enabling loan. Such interests may be excepted from avoidance pursuant to 11 U.S.C. § 547(c)(3). BancOhio also maintains that the transfer may be excepted as a substantially contemporaneous transfer under § 547(c)(1) or an ordinary course transaction under § 547(c)(2). Because the law in this circuit is that any defense relating to security taken for purchase money loans is governed by the enabling loan exception and is not broadened by other arguably related exceptions, the enabling loan defense in 11 U.S.C. § 547(c)(3) will be considered first. *Ray v. Security Mutual Finance Corp. (In re Arnett)*, 731 F.2d 358 (6th Cir.1984).

Section 547(c)(3) states:

(c) The trustee may not avoid under this section a transfer—

\*  \*  \*  \*  \*  \*

(3) that creates a security interest in property acquired by the debtor—

(A) to the extent such security interest secures new value that was—

(i) given at or after the signing of a security agreement that contains a description of such property as collateral;

(ii) given by or on behalf of the secured party under such agreement;

(iii) given to enable the debtor to acquire such property; and

(iv) in fact used by the debtor to acquire such property; and

(B) that is perfected on or before ten days after the debtor receives possession of said property.

The portion of § 547(c)(3) which is at issue is whether BancOhio's security interest was perfected on or before ten days after the debtor received possession of the vehicle. The parties either agree or do not dispute that the Debtors took possession of the vehicle on October 2, 1988 and that BancOhio's lien was noted on the vehicle's title on October 13, 1988. October 13 was a Monday, however, and the issue argued by the parties is whether, under the provisions of Bankruptcy Rule 9006 as it existed

in late 1988, October 13 was within the ten-day period.

In October 1988, Bankruptcy Rule 9006 excluded intervening Saturdays and Sundays and legal holidays where the prescribed period of time for an act to be performed was less than eleven days. October 12, 1988, the date which is precisely ten days after the date the Debtors took possession of the vehicle, was a legal holiday in 1988. If the ten-day period for perfection extended to the first day after the October 12 holiday, then BancOhio will have established its defense under 11 U.S.C. § 547(c)(3).

Relying on *Martin v. First National Bank of Louisville (In re Butcher)*, 829 F.2d 596 (6th Cir.1987), *cert. denied* 484 U.S. 1078, 108 S.Ct. 1058, 98 L.Ed.2d 1020 (1988) and *Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th Cir.1980), the Trustee argues that Rule 9006(a) does not apply to the calculation of a time period which arises prior to the commencement of an adversary hearing. However, *Butcher* and *Rust* specifically deal with statute of limitation issues which might enlarge or modify any substantive right. *See* 28 U.S.C. § 2075. Such is not the case here.

Rule 9006 applies to "any period of time prescribed or allowed by these rules, by local rules, by order of court, or by any applicable statute...." Rule 9006(a). In the past, Rule 9006(a) has been applied to the ninety-day time period of § 547(b)(4) and the ten-day period of § 547(e)(2). 9 *Collier on Bankruptcy* (15th ed.) Paragraph 9006.03 at 9006–10. Sections 547(b) and 547(e) both deal with pre-complaint time periods similar to § 547(c)(3). *See Grimaldi v. Ruell (In re Grimaldi)*, 3 B.R. 533 (Bankr.D.Conn.1980) and *First Nat'l. Bank of Portsmouth v. Plante (In re Plante)*, 38 B.R. 239 (Bankr.D.Maine 1984). Another judge of this court has also applied Federal Rule of Civil Procedure 6(a) to the ten-day period for a reclamation notice prescribed in 11 U.S.C. § 546(c). *Action Industries, Inc. (Dollarama) v. Dixie Enterprises, Inc. (In the Matter of Dixie Enterprises, Inc.)*, 22 B.R. 855 (Bankr.S.D. Ohio 1982).

This Court finds that Bankruptcy Rule 9006(a) applies to the ten-day time period prescribed in § 547(c)(3) within which BancOhio was required to perfect its lien in order to come within the enabling loan exception. BancOhio perfected its security interest within that ten-day period, as extended by Bankruptcy Rule 9006. This determination means that BancOhio is entitled to judgment as a matter of law on its affirmative defense. Other affirmative defenses need not be considered, and, indeed, evidence or argument on such defenses was not sufficient to establish their applicability.

## CONCLUSION

Based upon the foregoing, the Court finds that the Trustee has not established that a preferential transfer took place. The Trustee's motion for summary judgment, therefore, is denied. The Court further finds that BancOhio has established an affirmative defense under 11 U.S.C. § 547(c) and BancOhio's motion for summary judgment must be granted on that issue. A separate judgment will issue forthwith.

IT IS SO ORDERED.