47 F.3d 1168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Margaret Wylene GRAY; Raleigh Gray, Plaintiffs-Appellants,
v.
HOME BANK OF TENNESSEE, formerly known as Ducktown Banking
Company, Defendant-Appellee.
 No. 94-5817.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1995.
 
 1
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and HOOD, District Judge.*
 
 ORDER
 
 2
 Margaret Wylene Gray and Raleigh Gray (the Grays) appeal the dismissal of their complaint alleging that the Home Bank of Tennessee (Home Bank) violated various provisions of the Truth-in-Lending Act (TILA), 15 U.S.C. Sec. 1601, et seq., and Federal Reserve Regulation Z (Regulation Z), 12 C.F.R. Sec. 226. Additionally, the parties have filed separate motions to take judicial notice of addendums. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The background facts are set forth in the magistrate judge's report and recommendation and will not be repeated here. Suffice it to say that the Grays filed this action alleging that Home Bank violated the disclosure requirements of TILA and Regulation Z. Additionally, the Grays alleged that Home Bank failed to make new disclosures regarding the refinancing of certain transactions, failed to disclose to the Grays the right to rescission along with a separate notice of the right to rescind, wrongly retained the Grays' credit balances, failed to accurately disclose the financing terms, and engaged in fraudulent concealment. The Grays sought actual damages, statutory damages and costs. They also sought damages as a result of Home Bank allegedly causing them emotional distress, humiliation, harm to their reputation, and for other tort and fraud claims.
 
 
 4
 Home Bank filed a motion pursuant to Fed.R.Civ.P. 12(b), arguing that the Grays' complaint was barred by the applicable statute of limitations. The magistrate judge issued a report recommending that the complaint be dismissed for lack of subject matter jurisdiction. Despite objections filed by the Grays, the district court adopted the report and recommendation and entered an order accordingly.
 
 
 5
 This court renders de novo review of judgments dismissing cases for lack of subject matter jurisdiction. Willis v. Sullivan, 931 F.2d 390, 395 (6th Cir.1991). Upon review, we conclude that the district court correctly dismissed the complaint as time-barred. The governing statute provides: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. Sec. 1640(e). The limitations period in Sec. 1640(e) runs from the date of consummation of the transaction, but the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or has reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action. See Jones v. TransOhio Sav. Ass'n, 747 F.2d 1037, 1041 (6th Cir.1984).
 
 
 6
 The Grays argue that they were not aware of the TILA violations until March 1993 due to continuous concealment of documents, reports, and numerous delaying tactics by Home Bank. However, they claimed that certain bank notes were signed in blank, beginning in October 1985. If this is true, then the Grays would have been aware of the lack of disclosure as of that date. They further alleged they were given copies of bank notes months and years after the fact, and also claimed they did not receive all the money from these loans. If true, the Grays would have been put on notice as to problems with these loans from the beginning. Further, Mrs. Gray was in bankruptcy court for over three years, and an independent auditor for the bankruptcy court conducted an extensive audit of all accounts in question. The auditor concluded that Mrs. Gray could not provide adequate documentation to defeat Home Bank's claim, but that Home Bank was not able to furnish several critical documents. Thus, the Grays had reasonable opportunity to discover any problems with the loans as of the date the report of the auditor was filed with the bankruptcy court in July 1991. Because the Grays did not file their complaint until August 11, 1993, their claims for damages under TILA were time-barred. "The Truth in Lending Act creates a cause of action and confers jurisdiction on federal courts to hear cases arising under the statute. That jurisdiction is defined and circumscribed by the Act itself, in a temporal as well as substantive sense. If a complaint is not filed within the time period prescribed by 15 U.S.C. Sec. 1640(e), a federal court has no jurisdiction to entertain it." Rust v. Quality Car Corral, Inc., 614 F.2d 1118, 1119 (6th Cir.1980).
 
 
 7
 For the foregoing reasons, the motions to take judicial notice of addendums are denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Ketucky, sitting by designation