Andrew **BARTLIK**, Petitioner,

v.

**UNITED STATES DEPARTMENT OF LABOR** and Tennessee Valley Authority, Respondents.

Nos. 93–3616, 93–3834.

United States Court of Appeals, Sixth Circuit.

Reargued June 14, 1995.

Decided Aug. 11, 1995.

---

Eric Glitzenstein (argued and briefed), Meyer & Glitzenstein, Washington, DC, for Andrew Bartlik.

Andrew Bartlik, Brewster, NY, pro se.

Paul L. Frieden (argued and briefed), U.S. Dept. of Labor, Office of Sol., Washington, DC, for U.S. Dept. of Labor.

Thomas F. Fine, Sr. Litigation Atty., Brent R. Marquand (briefed), Jackson Woodall (argued and briefed), Justin M. Schwamm (briefed), Tennessee Valley Authority, Knoxville, TN, for Tennessee Valley Authority.

Before: MERRITT, Chief Judge; KENNEDY, MARTIN, JONES, MILBURN, NELSON, RYAN, BOGGS, NORRIS, SUHRHEINRICH, SILER, BATCHELDER, DAUGHTREY, and MOORE, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

This case presents for our resolution the question of how to conceptualize the effect of Federal Rule of Appellate Procedure 26(a), and by analogy, the effect of Federal Rule of Civil Procedure 6(a), in determining the end of a statute of limitations period. In some of our prior cases, we have conceptualized Civil Rule 6(a) as "expanding" or "extending" a statute of limitations period. Today, we decide that Appellate Rule 26(a) and Civil Rule 6(a) do not operate to "expand" a limitations period, but merely provide a method of computing time. More specifically, in this case

we must determine whether a filing deadline actually occurred on a Sunday when the clerk's office was closed or on the next day when it was open.

■ Andrew Bartlik has petitioned this Court for review of the decision issued by the Secretary of Labor dismissing his complaint against his former employer, the Tennessee Valley Authority, under the whistleblower provision of the Energy Reorganization Act, 42 U.S.C. § 5851 (1988). The only dispute before us relates to whether his petition was timely filed in this Court. On April 7, 1993, the Secretary of Labor issued a final decision and order adopting the administrative law judge's conclusion that the petitioner's complaint should be dismissed. In effect, the Secretary's decision held that the petitioner had failed to carry his burden of establishing that the Tennessee Valley Authority intentionally discriminated against him. The reasoning is unimportant for purposes of this decision.

The Energy Reorganization Act, 42 U.S.C. § 5851(c)(1), provides that "[t]he petition for review must be filed within sixty days from the issuance of the Secretary's order." On Monday, June 7, this Court received a petition to review the April 7 order. This was the sixty-first day following the Secretary's final decision. The sixtieth day was on Sunday, June 6. The motion to dismiss for failure to file a timely petition was heard by a panel of this Court, and its decision was reported as *Bartlik v. United States Dep't of Labor and Tennessee Valley Auth.*, 34 F.3d 365 (6th Cir.1994). The panel concluded that the petition was untimely filed and therefore this Court did not have jurisdiction to hear the petition. The panel concluded that Appellate Rule 26(a) could not be invoked to compute the limitations period prescribed by Section 5851(c)(1) because the statute of limitations was jurisdictional in nature. The panel reasoned that it was bound by the prior decisions of our Court in *Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th Cir. 1980), *In re Butcher*, 829 F.2d 596 (6th Cir. 1987), *cert. denied*, 484 U.S. 1078, 108 S.Ct. 1058, 98 L.Ed.2d 1020 (1988), and *Hilliard v. United States Postal Serv.*, 814 F.2d 325 (6th Cir.1987). In *Rust*, a case concerning when a statute of limitations began to run, we held that the one-year statute of limitations period at issue began on the date of the occurrence (the date the parties entered into an installment agreement), and not on the day after, as would be the case had we applied the computation method in Civil Rule 6(a). 614 F.2d at 1119. *In re Butcher* held that the statute of limitations period in that bankruptcy action expired exactly two years after the appointment of the bankruptcy trustee, thus making the trustee's Monday, August 19, 1985, filing untimely because it was filed more than two years after the trustee's appointment on August 17, 1983. 829 F.2d at 601. In both *Rust* and *Butcher*, we reasoned that the statutes of limitations were "jurisdictional" in nature and therefore could not be "enlarged" or "extended" by court procedural rules. *Rust*, 614 F.2d at 1119 (by Civil Rule 6(a)); *Butcher*, 829 F.2d at 600 (by Bankruptcy Rule 9006(a), analogous to Civil Rule 6(a)). Finally, in *Hilliard*, we held that Civil Rule 6(a) could not "extend" a thirty-day limitations period, and thus the petition, which was due on Sunday (the thirtieth day) but filed on Monday, was untimely. 814 F.2d at 326. Because we wanted to reconsider our understanding of the relationship between the federal rules of procedure and the computation of limitations periods, we approved a petition to consider this case *en banc*, and vacated the panel's decision. 34 F.3d 368 (6th Cir.1994).

■ Our task here is to determine the relationship between Appellate Rule 26(a) and a statutory limitations period (Section 5851(c)(1)), in light of the fact that the courthouses are not open for business on weekends, legal holidays, 5 U.S.C. § 6103 (1988 & Supp. V 1993), or may be closed due to other circumstances. In this context, we must interpret how to calculate the statute of limitations period in Section 5851(c)(1). *See In re Vause*, 886 F.2d 794, 798 (6th Cir.1989) (stating that the objective of our statutory analysis is to determine the intent of Congress). We begin our *de novo* review of this statutory interpretation question, *United States v. Brown*, 915 F.2d 219, 223 (6th Cir.1990), by noting that statutes, regulations and rules of court must be read in a "straightforward"

and "commonsense" manner. *Hubbard v. United States,* —— U.S. ——, ——–——, 115 S.Ct. 1754, 1755–57, 131 L.Ed.2d 779 (1995). When we can discern an unambiguous and plain meaning from the language of a statute, our task is at an end. *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Here, however, Congress has given the petitioner sixty "days" to complete a filing, but has created uncertainty as to how to calculate that period of time by not providing a means for the petitioner to make a filing if the courthouse is closed on the sixtieth day.

■ We now believe that our previous understanding of the effect of Civil Rule 6(a) on a "jurisdictional" statute of limitations, as explained in *Rust, Butcher,* and *Hilliard,* is erroneous. We now hold that the application of Appellate Rule 26(a), and likewise its counterpart Civil Rule 6(a), to calculate a limitations period does not "expand" or "enlarge" our jurisdiction.[1] Both of these rules do nothing more than provide the court and the parties with a means of determining the beginning and end of a statute of limitations prescribed elsewhere in law. Accordingly, a petition for review of an agency decision that is due on a Saturday, Sunday, federal holiday, or a day on which the court clerk's office is closed will be timely if filed on the next day the courthouse, or other designated place for filing, is open for business. Other Circuits have so held. *United Mine Workers v. Dole,* 870 F.2d 662, 665 (D.C.Cir.1989) (stating "[w]e ... confirm our circuit's rule that time periods, including jurisdictional time periods, are to be construed in accordance with Fed. R.App. P. 26(a), excluding final weekend days and holidays unless a specific statutory provision requires otherwise."); *Funbus Sys., Inc. v. California Pub. Util. Comm'n,* 801 F.2d 1120, 1124 (9th Cir.1986); *Miller v. United States Postal Serv.,* 685 F.2d 148, 149 (5th Cir.1982), *cert. denied,* 461 U.S. 916, 103 S.Ct. 1898, 77 L.Ed.2d 286 (1983). Needless

to say, we are not today faced with a computation question that may arise in a diversity action.

We reach our conclusion by a straightforward and commonsense reading of Civil Rule 6(a) and Appellate Rule 26(a). Appellate Rule 26(a) explicitly applies to "any period of time prescribed by these rules, by an order of the court, *or by any applicable statute.*" (Emphasis added). Civil Rule 6(a) applies to any period of time "prescribed or allowed ... by any applicable statute." Were there any question that Appellate Rule 26(a) applied in this case, Appellate Rule 20 goes on to state that "[a]ll provisions of these rules are applicable to review or enforcement of orders of agencies...." Because proposed federal procedural rules are sent to Congress by the Supreme Court prior to their enactment, we must assume that Congress understood that the filing deadline for a petition for review of an administrative agency decision would be the first business day following the day the petition was due if the due date fell on a Saturday, Sunday, a legal holiday, or if the courthouse was closed for reasons listed in the rules.

In addition to enacting Section 5851(c)(1) in light of these pre-existing procedural rules, Congress was presumably aware of Supreme Court cases that have applied the procedural rules to federal statutes of limitations. In *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), the Supreme Court stated that statutes of limitations are not to be interpreted in isolation from other provisions of law.

> Any period of limitation ... is understood fully only in the context of the various circumstances that suspend it from running against a particular cause of action. Although any statute of limitations is necessarily arbitrary, the length of the period allowed for instituting suit inevitably reflects a value judgment concerning the point at which the interests in favor of

---

1. The distinction found in our case law between a "jurisdictional" statute of limitations, *e.g., Rust, Butcher, Hilliard,* and a "procedural" one, *e.g., Allgood v. Elyria United Methodist Home,* 904 F.2d 373 (6th Cir.1990), is no longer meaningful for purposes of calculating the beginning and

end of a limitations period given our conceptualization of Civil Rule 6(a) and Appellate Rule 26(a) as computational rules. Even if a statute of limitations is considered to be "jurisdictional," the application of Civil Rule 6(a) and Appellate Rule 26(a) does not expand our jurisdiction.

protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones. *In virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application.* *Id.* at 463–64, 95 S.Ct. at 1722 (emphasis added). More than a century ago, the Supreme Court in *Street v. United States,* 133 U.S. 299, 306, 10 S.Ct. 309, 311, 33 L.Ed. 631 (1890), said that "a power that may be exercised up to and including a given day of the month may generally, when that day happens to be Sunday, be exercised on the succeeding day," and in 1949, the Supreme Court held that a petition for review of a state supreme court decision filed on a Monday, the ninety-first day of a statutory ninety-day limitations period, was timely filed. *Union Nat'l Bank v. Lamb,* 337 U.S. 38, 40–41, 69 S.Ct. 911, 912–13, 93 L.Ed. 1190 (1949). The question in *Lamb* was "whether an action which by statute is required to be done within a stated period may be done a day later when the last day of the period falls on a Sunday." *Id.* at 40, 69 S.Ct. at 912. At the time *Lamb* was decided, the Supreme Court applied Civil Rule 6(a) because as yet there was no Appellate Rule 26(a). In prescribing that a limitations period ending on a Sunday runs "until the end of the next day which is neither a Sunday nor a holiday," the Supreme Court reasoned that "[s]ince [Rule 6(a)] had the concurrence of Congress and since no contrary policy is expressed in the statute governing this review, we think that the considerations of liberality and leniency which find expression in Rule 6(a) are equally applicable to [the statute being considered]." *Id.* at 41, 69 S.Ct. at 913. Given this longstanding and realistic view of the relationship between statutes of limitations and procedural computational rules, we believe that Congress did not intend to negate the operation of Appellate Rule 26(a) here, absent a clear and unambiguous statement that this rule does not apply to the calculation of a particular statute of limitations period. Because of the mandatory nature of the language in statutes of limitations ("must file by …," "shall file within …," etc.), if Congress intends to negate the applicability of Civil Rule 6(a) or

Appellate Rule 26(a) it will have to expressly communicate this desire.

Finally, our decision is consistent with the intent of Congress to expedite the review of agency decisions. The implementation of the agency's decision is not meaningfully delayed by the application of Appellate Rule 26(a) to Section 5851(c)(1), and the agency clearly is not prejudiced.

Our understanding of the language of Section 5851(c)(1) and Appellate Rule 26(a), and the relationship between them, is, of course, commonsensical. If the courthouses of the United States were open twenty-four hours a day, seven days a week, with no breaks and no holidays and if a time clock with a stamping mechanism was available to the parties, then a strict construction of a limitations period might make sense, and Appellate Rule 26(a) would be unnecessary. Thankfully, we do not live in such a world, and Congress has recognized that filing deadlines must be calculated in a realistic, practical manner.

Thus, we conclude that when a filing is required to be made on a Sunday and is made on Monday, it is timely filed. The petitioner here has timely filed his petition for review. Therefore, the case is returned to the original panel for consideration of the merits of the petition.