**Stanley BOYKANSKY, M.D., Petitioner,**

v.

**HEALTH CARE FINANCING ADMINISTRATION, Respondent.**

No. 01–3189.

United States Court of Appeals, Sixth Circuit.

May 1, 2001.

Before BOGGS and CLAY, Circuit Judges; ROBERTS, District Judge.*

### ORDER

Stanley Boykansky, M.D., a physician office laboratory, petitions for review of a decision by the Department of Health and Human Services Departmental Appeals Board upholding the suspension and revocation of Boykansky's certificate under the Clinical Laboratory Improvement Amendments of 1988 (CLIA), 42 U.S.C. § 263(a). The respondent, the Health Care Financing Administration (HCFA), now moves to dismiss the petition as untimely. Boykan-

sky has filed a response in opposition. HCFA has filed a reply.

"Review of an agency order is commenced by filing, within the time prescribed by law, a petition for review with the clerk of a court of appeals authorized to review the agency order." Fed. R.App. P. 15(a). The statutory time constraints governing review of agency decisions are jurisdictional and cannot be extended by this court. Fed. R.App. P. 26(b). Petitions which are not filed within the time provided are subject to dismissal. *Com. of Ky. ex rel. Cabinet for Human Resources v. Brock,* 845 F.2d 117, 120 (6th Cir.1988). The issue to be determined is whether Boykansky's time to petition for review is governed by 42 U.S.C. § 263a(k)(1) and 42 C.F .R. § 493.1844(f)(3), as HCFA claims, or by 42 C.F.R. §§ 498.22(b)(3) and 498.95(a), as Boykansky contends.

The time prescribed by law to petition for judicial review of an order suspending, revoking, or limiting a laboratory's CLIA certificate is set forth in 42 U.S.C. § 263a(k)(1), which states:

> (k) Judicial review. (1) Petition. Any laboratory which has had an intermediate sanction imposed under subsection (h) of this section or has had its certificate suspended, revoked, or limited under subsection (i) of this section may, at any time within 60 days after the date the action of the Secretary under subsection (i) or (h) becomes final, file a petition with the United States court of appeals for the circuit wherein the laboratory has its principal place of business for judicial review of such action.

The regulations implementing CLIA enforcement procedures are set forth in subpart R of part 493 of Title 42 of the Code of Federal Regulations, 42 C.F.R.

---

* The Honorable Victoria A. Roberts, United States District Judge for the Eastern District of Michigan, sitting by designation.

§ 493.1800 *et seq.* Consistent with the forgoing statute, the regulations provide that:

> Any laboratory dissatisfied with the decision to impose a civil money penalty or to suspend, limit, or revoke its CLIA certification may, within 60 days after the decision becomes final, file with the U.S. Court of Appeals of the circuit in which the laboratory has its principal place of business, a petition for judicial review.

42 C.F.R. § 493.1844(f)(3).

"[I]t is well established that an agency's action is final for purposes of judicial review if the process of administrative decisionmaking has reached a stage where judicial review will not disrupt the orderly process of adjudication and where the rights or obligations have been determined or legal consequences will flow from the agency action." *Nutt v. Drug Enforcement Admin.*, 916 F.2d 202, 204–205 (5th Cir.1990) (internal quotations and citations omitted). The process of administrative decision making ended on December 21, 2000, when the Board issued its decision affirming the HCFA's revocation of Boykansky's certificate. To be timely, the petition for review was required to be filed within 60 days of the December 21 decision, *i.e.*, on or before February 20, 2001.** *See Danko v. Director, Office of Workers' Compensation Programs*, 846 F.2d 366, 369 (6th Cir.1988). The February 23 petition for review was not filed within that time period.

Boykansky claims, however, that based on 42 C.F.R. §§ 498.22(b)(3) and 498.95(a), the 60 day time period did not begin to run until it received notice of the Board's decision. We are not persuaded that these regulations are applicable to the case at bar. The receipt and notice provisions contained in 42 C.F.R. §§ 498.22(b)(3) and 498.95(a) are not consistent with the governing statute, 42 U.S.C. § 263a(k)(1), which requires that the petition for review be filed "at any time within 60 days after the date of the action of the Secretary ... becomes final." "When we can discern an unambiguous and plain meaning from the language of a statute, our task is at an end." *Bartlik v. United States Dept. of Labor*, 62 F.3d 163, 166 (6th Cir.1995) (en banc). Had Congress intended the 60 day time period to commence upon receipt or notice of the Secretary's decision, it would have said so.

In the alternative, Boykansky argues that under Fed. R.App. P. 26(c), three calendar days must be added to the 60 day period in 42 U.S.C. § 263a(k)(1). Rule 26(c) states:

> When a party is required or permitted to act within a prescribed period after a paper is served on that party, 3 calendar days are added to the prescribed period unless the paper is delivered on the date of service stated in the proof of service.

This alternative argument must fail because Boykansky has not established that it was permitted to file its petition within 60 days after the Board's decision was served. Rather, the petition was required to be filed within 60 days after the decision became final.

Accordingly, we conclude that the petition was not timely and that we are without jurisdiction in this matter. The respondent's motion to dismiss is GRANTED.

---

** The 60th day fell on February 19, 2001, a federal holiday. Because the courthouse was closed, Boykansky had until the following day, February 20, to file its petition. *See Bartlik v. United States Department of Labor*, 62 F.3d 163, 166 (6th Cir.1995) (en banc).