**In re C.H. BUTCHER, Jr., Debtor.**

**James R. MARTIN, Trustee, Plaintiff,**

**v.**

**FIRST NATIONAL BANK OF LOUISVILLE, Defendant.**

**Bankruptcy No. 3–83–01008.
Adv. No. 3–85–1151.**

United States Bankruptcy Court,
E.D. Tennessee.

Dec. 30, 1985.

See also, Bkrtcy., 58 B.R. 128.

Weinberger, Weinstock, Sagner, Stevan & Harris, P.A., Neal S. Melnick, Cyd B. Wolf, Baltimore, Md., and James R. Moore, Knoxville, Tenn., for plaintiff.

Stites & Harbison, Octavia B. Wilkins, Robert W. Griffith, Roy Kimberly Snell, Louisville, Ky., and Hunton & Williams, John A. Lucas, Knoxville, Tenn., for defendant.

CLIVE W. BARE, Bankruptcy Judge.

Defendant has moved to dismiss as untimely the plaintiff trustee's complaint to avoid certain transfers.

At issue is whether Bankruptcy Rule 9006(a) applies in computing the two-year limitations period made applicable in 11 U.S.C.A. § 546(a) (West 1979) to the exercise of avoidance powers under the Bankruptcy Code.

## I

Plaintiff trustee, James R. Martin, was appointed trustee of the debtor's estate on August 17, 1983. On August 19, 1985, the trustee filed this adversary proceeding seeking to avoid alleged preferential transfers under 11 U.S.C.A. § 547 (West 1979) and alleged fraudulent conveyances under 11 U.S.C.A. §§ 544(b) and 548(a) (West 1979).

Defendant asserts that the trustee's action is untimely under Bankruptcy Code § 546(a), which provides:

An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, or 1302 of this title; and

(2) the time the case is closed or dismissed.

11 U.S.C.A. § 546(a) (West 1979).

The trustee maintains that the complaint was timely filed, contending that Bankruptcy Rule 9006(a)[1] requires here the exclu-

---

**1.** Insofar as here pertinent, this rule provides:

In computing any period of time prescribed

sion of Saturday and Sunday in computing the two-year period under § 546(a).

The complaint was filed on Monday, August 19, 1985.

## II

Although 28 U.S.C.A. § 2075 (West 1982) empowers the United States Supreme Court "to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under Title 11," § 2705 also specifically makes clear that "[s]uch rules shall not abridge, enlarge, or modify any substantive right." Thus, in *Deutscher v. O'Neal Steel Corporation (In re Enterprise Fabricators, Inc.)*, 36 B.R. 220 (Bankr.M.D.Tenn.1983) this court held that Bankruptcy Rule 9006(a) could not be used to enlarge the 90-day preference period under 11 U.S.C.A. § 547(b) (West 1979). However, that case did not involve the computation of a period of limitations provided in the Bankruptcy Code.

As noted in *Wolff v. Wells Fargo Bank (In re Moralez)*, 618 F.2d 76 (9th Cir.1980) (holding Rule 13–307(d) of the prior Rules of Bankruptcy Procedure not an invalid attempt to effect a change in substantive bankruptcy law):

Following the pattern it had established in the areas of civil procedure, criminal procedure, and admiralty, Congress delegated the authority to draft bankruptcy rules to the Supreme Court, apparently deferring to the Court's competence to formulate rules of practice and procedure. The proposed bankruptcy rules were studied by committees of experts, then adopted by the Supreme Court, and became effective only after submission to Congress for review. Consequently, ... [a litigant] has a "heavy burden" of showing that ... [a bankruptcy rule] deals with matters of substance rather than procedure. [citations omit-

ted] It cannot be assumed easily that the Supreme Court acted outside the power delegated to it under § 2075, or that Congress allowed rules to become operative which would effect substantive rights.

618 F.2d at 78.

Defendant cites and relies upon the Sixth Circuit's holding in *Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th Cir.1980). In *Rust* the court held that Rule 6(a) of the Federal Rules of Civil Procedure did not apply to exclude the day of the occurrence of the violation in computing the one-year statute of limitations under the Truth in Lending Act. In so holding, the Sixth Circuit apparently followed what has been called the "minority view" that Fed.R. Civ.P. 6(a) is not applicable in computing federal statutes of limitation. *See* C. Wright & A. Miller, *Federal Practice and Procedure* § 1163 (1969).

This court is asked to conclude that *Rust* compels a holding that applying Bankruptcy Rule 9006(a) to compute periods of limitation under the Bankruptcy Code constitutes an impermissible encroachment of a procedural rule upon substantive bankruptcy provisions. This court cannot so conclude. *Rust* was decided before the implementation of the Bankruptcy Rules on August 1, 1983. It is noteworthy that in its adaptation of Fed.R.Civ.P. 6(a), Bankruptcy Rule 9006(a) retains the phrase "or by any applicable statute" in the face of a "majority rule" applying the identical Rule 6(a) phrase in the computation of federal statutes of limitation. *See generally* Wright & Miller, *supra*. Of further significance is the relevant Advisory Committee Note stating: "This rule is an adaptation of Rule 6 F.R.Civ.P. It governs the time for acts to be done and proceedings to be had in cases under the Code and any litigation arising therein." Bankruptcy Rule 9006(a) advisory committee note. These rules

---

or allowed by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless

it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

Bankruptcy Rule 9006(a).

were studied by committees of experts, adopted by the Supreme Court, and became effective only after submission to Congress for review. This court will not easily assume that the Supreme Court acted beyond its delegated power or that Congress permitted to become operative rules affecting substantive rights.

Further noteworthy is the argument that the time limitation embodied in § 546(a) is more in the nature of a procedural bar to the exercise of a remedy than a condition of time forming a substantive part of the statutory rights in question. Given some room for difference of opinion as to the precise nature of periods of limitation in this respect,[2] this court cannot conclude that the application of Bankruptcy Rule 9006(a) in computing the § 546(a) limitations period may be said to clearly work an abridgement, enlargement or modification of any substantive right under the Bankruptcy Code.

Finally, important policy considerations support the application of Rule 9006(a) in computing limitations periods under the Code. As currently worded, Rule 9006(a) clearly invites reliance by litigants in calculating the time available within which to exercise their rights. Refusal to so apply Rule 9006(a) would be contrary to the appropriately liberal interpretative spirit here applicable and would, in effect, constitute

---

**2.** A distinction has been drawn between statutes of limitation, which merely cut off the remedy (e.g. to enforce a right existing at common law), and so-called conditions as to time embodied in statutes which create a right of action not existing at common law and restricting the time within which an action may be brought to enforce the right. The former have been called procedural while the latter have been deemed part of the substantive law creating the right of action. *See generally* 51 Am.Jur.2d *Limitation of Actions* §§ 15, 21 (1970).

However, in other contexts (e.g. permitting an amendment extending a statutory time limitation to allow an action on a statutorily-created right already time-barred by the previously applicable time limitation) it has been said:

Statutes of limitations generally cut off the remedy without extinguishing the right. [citation omitted] This may be true even though the limitation is contained in the same statute that creates the substantive liability. *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 556–59, 94 S.Ct. 756, 767–69, 38 L.Ed.2d 713 (1974). The question is one of legislative intent.

*Osmundsen v. Todd Pacific Shipyard*, 755 F.2d 730, 733 (9th Cir.1985).

*See also Davis v. Valley Distributing Company*, 522 F.2d 827 (9th Cir.1975):

Even though the limitations provision is contained in the same statute that created the substantive liability, it does not necessarily measure the right. [citations omitted] The question remains one of legislative intent. ... There is no reason to believe that Congress departed from the general rule that statutes of limitations go to matters of remedy only when it passed the 1964 Act, and "in creating a liability also put a period to its existence." [citations omitted]

522 F.2d at 830 n. 7.

And in *Chase Securities Corporation v. Donaldson*, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945) (holding that a state legislature's amendment of a statute of limitation so as to restore a remedy lost through mere lapse of time did not violate defendant's Fourteenth Amendment rights) the Supreme Court observed:

Statutes of limitations always have vexed the philosophical mind for it is difficult to fit them into a completely logical and symmetrical system of law. There has been controversy as to their effect. Some are of opinion that like the analogous civil law doctrine of prescription limitations statutes should be viewed as extinguishing the claim and destroying the right itself. Admittedly it is troublesome to sustain as a "right" a claim that can find no remedy for its invasion. On the other hand, some common-law courts have regarded true statutes of limitation as doing no more than to cut off resort to the courts for enforcement of a claim. We do not need to settle these arguments.

Statutes of limitation find their justification in necessity and convenience rather than in logic. They represent expedients, rather than principles. They are practical and pragmatic devices to spare the courts from litigation of stale claims.... ... They represent a public policy about the privilege to litigate.

This Court ... adopted as a working hypothesis, as a matter of constitutional law, the view that statutes of limitation go to matters of remedy, not to destruction of fundamental rights. The abstract logic of the distinction between substantive rights and remedial or procedural rights may not be clear-cut, but it has been found a workable concept to point up the real and valid difference between rules in which stability is of prime importance and those in which flexibility is a more important value.

325 U.S. at 313–14, 65 S.Ct. at 1142.

little more than the setting of a trap for the unwary. *See* Wright & Miller, *supra* at p. 614.

Plaintiff's action was timely commenced. Accordingly, defendant's motion to dismiss is denied.

SO ORDERED.