In re Mario C. RODRIGUEZ, Debtor.

**Robert L. Pryor, as Chapter 7 Trustee of the bankruptcy Estate of Mario C. Rodriguez, Plaintiff,**

**v.**

**Dominic A. Barbara and Mina Rodriguez, Defendants.**

**Bankruptcy No. 898–85361–478. Adversary No. 800–8372–478.**

United States Bankruptcy Court, E.D. New York.

Aug. 15, 2001.

**114**

Pryor & Mandelup, LLP, by Kenneth A. Reynolds, Westbury, New York, for the plaintiff.

David J. Weiss, Mineola, New York, for defendant, Dominic A. Barbara.

Howard J. Wunderlich, Lake Grove, NY, for defendant, Mina Rodriguez.

## MEMORANDUM DECISION AND ORDER

DOROTHY EISENBERG, Bankruptcy Judge.

Robert Pryor, the Chapter 7 Trustee (the "Trustee" or "Plaintiff") commenced an adversary proceeding (i) pursuant to 11 U.S.C. § 544 and New York Debtor and Creditor Law ("DCL") §§ 273, 275, 276–a and 278, 11 U.S.C. § 550(a)(1) and (2), 11 U.S.C. § 542(a), and 11 U.S.C. § 105(a) for judgment against Dominic A. Barbara ("Barbara") and Mina Rodriguez ("Mina"), Barbara and Mina sometimes referred to collectively as the "Defendants," avoiding as a fraudulent conveyance the transfer by Mario C. Rodriguez (the "Debtor" or "Rodriguez") to Barbara of funds in the amount of not less than $27,500 for legal services rendered and expenses incurred entirely for the benefit of Mina, and no benefit to the Debtor, together with the Trustee's legal fees and interest in connection with the action.

Before the Court are two separate motions (the "Barbara Motion" and the "Mina Motion") to dismiss the adversary proceeding as time barred by 11 U.S.C. § 546(a), claiming this statute to be a jurisdictional prohibition of Trustee's power to assert any claim after the expiration of the time limits referred to therein. With respect to the Barbara Motion, the Trustee argues that Barbara stipulated to extend the Trustee's time to bring the adversary proceeding and that any assertion of a statute of limitations defense was waived thereby and as a result of failure to affirmatively plead this defense in Barbara's answer. With respect to the Mina Motion, the Trustee argues that Mina has waived a statute of limitations defense by failing to file a timely answer. Based on the relevant case law on this issue, the Court finds in favor of the Trustee, and denies the Defendants' motions to dismiss. This decision contains the Court's findings of fact and conclusions of law pursuant to Fed. R.Civ.P. 52, as made applicable to adversary proceedings by Fed.R.Bankr.P. 7052.

## FINDINGS OF FACT

On May 29, 1998 (the "Filing Date"), Rodriguez filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). By Order entered on December 30, 1998, the Debtor's Chapter 11 case was converted to a case under Chapter 7 of the Bankruptcy Code, and Robert L. Pryor was appointed as the interim trustee. On March 1, 1999, the first meeting of creditors was held pursuant to 11 U.S.C. § 341(a), and Pryor was duly qualified as the permanent Trustee.

Defendant Barbara is an attorney duly admitted to practice in the State of New York, specializing, among other things, in

matrimonial law. Mina is the sister of the Debtor.

Upon examination of the books and records of the Debtor, the Trustee ascertained that the Debtor made the following payments (the "Transfers") to Barbara prior to filing the Chapter 11 petition:

(a) A Transfer of $10,000 by check number 333, dated May 10, 1996, drawn on Debtor's account number 343–1–128267 at The Chase Manhattan Bank payable to Barbara;

(b) A Transfer of $10,000 by check number 345, dated November 10, 1996, drawn on Debtor's account number 343–1–128267 at The Chase Manhattan Bank payable to Barbara;

(c) A Transfer of $3,750 by check number 539, dated February 15, 1996, drawn on Debtor's account number 025–16291–8 at European American Bank payable to Barbara; and

(d) A Transfer of $3,750 by check number 540, dated March 15, 1996, drawn on Debtor's account number 025–16291–8 at European American Bank payable to Barbara.

To enable the Trustee to investigate the circumstances surrounding these Transfers, the Trustee, by his attorneys, timely entered into two stipulations extending his time to commence an adversary proceeding against Barbara beyond the statute of limitations set forth in 11 U.S.C. § 546(a). Specifically, by Stipulations and Orders dated May 24, 2000 and July 28, 2000, the Trustee and Barbara agreed to extend the Trustee's time to commence the instant adversary proceeding, through and including July 28, 2000 (the "First Extension") and September 30, 2000 (the "Second Extension"), respectively. The first of these Stipulations and Orders was entered within two (2) years from the date of entry of the order for relief in the Chapter 11 case. The second Stipulation and Order was entered before the expiration of the First Extension.

The Trustee did not obtain a similar stipulation from Mina, the person who allegedly received the benefit of the legal services provided by Barbara which was paid by the Transfers from the Debtor to Barbara.

The Trustee commenced the instant adversary proceeding on September 22, 2000, by filing a complaint against Barbara and "Nina" Rodriguez (sic), seeking, among other things, to avoid, pursuant to 11 U.S.C. § 544 and various provisions of New York State Debtor & Creditor Law, the Transfers made by Rodriguez to Barbara in connection with his representation of Mina in her divorce proceeding. The summons, complaint, Notice of Pretrial Conference and Standing Pre–Trial Conference Order were duly served upon the Defendants on September 22, 2000, beyond the time stated in 11 U.S.C. § 546(a).

Barbara filed a timely answer, in which he asserts five affirmative defenses,[1] none of which is a statute of limitations defense. The Barbara Motion was filed on March 20, 2001 without an accompanying memorandum of law. The Trustee filed a written memorandum of law in opposition to the Barbara Motion. The Court heard

---

1. Defendant Barbara asserts the following affirmative defenses: (i) failure to state a claim upon which relief may be granted as against Defendant Barbara; (ii) the Transfers were made for fair consideration and, therefore, Plaintiff cannot recover from Defendant Barbara; (iii) Defendant Barbara was without knowledge of allegations of fraud at the time he received the Transfers; (iv) as an immediate or mediate transferee, Defendant Barbara received the Transfers for value, in good faith, and without knowledge of the voidability of the Transfers; and (v) Plaintiff is barred from obtaining the relief he seeks by the equitable doctrine of laches.

oral argument on the Barbara Motion on April 26, 2001, directed Barbara's counsel to file a memorandum of law and marked the matter submitted.

Mina failed to timely answer or to file any timely pleading in response to the complaint.. However, Mina did appear *pro se* at a pretrial conference and does not claim that she had not been duly served with the summons and complaint. Default judgment has not been entered against her. On April 23, 2001, seven (7) months after service of the complaint, this Mina Motion was filed by newly retained counsel without an accompanying memorandum of law, raising the issue of the statute of limitations, but seeking as alternative relief authorization to file an answer that does not raise that issue. The Trustee filed a memorandum of law in opposition to the Mina Motion, to which Mina responded with a memorandum of law in support of the motion. At oral argument held on June 28, 2001, the Court announced that it had determined to deny the Barbara Motion for reasons to be set forth in a written decision, and denied Mina's motion to dismiss, but granted Mina leave to file a late answer, on condition that she did not raise a statute of limitations defense therein as she had agreed to in her application for alternative relief.

### ISSUES PRESENTED

The Court must decide (1) whether the time restriction set forth in Section 546(a) of the Bankruptcy Code within which the Trustee is permitted to commence an avoidance action against the Defendants pursuant to Section 544 of the Bankruptcy Code, is in the nature of a statute of limitations and therefore waivable, or, whether 11 U.S.C. § 546(a) is jurisdictional which restricts the Court's subject matter jurisdiction and is not subject to enlarge-ment by Order of this Court for any reason; and (2) if Section 546(a) merely sets forth a statute of limitations, whether a statute of limitations defense is waivable either by stipulation, or by failure to assert it in the answer or by failure to file a timely answer.

### DISCUSSION

### I. Whether 11 U.S.C. § 546(a) is Jurisdictional or a Statute of Limitations

The central issue for the Court to resolve is one of first impression in this Circuit, and concerns whether section 546(a) of the Bankruptcy Code is a true statute of limitations that can be extended by the parties; waived; or equitably tolled, or whether it confers subject matter jurisdiction on the Court, which requires the Court to adhere to a strict time constraint before it can hear the matter.

Section 546(a) of the Code provides:

(a) An action or proceeding under section 544, 545, 548 or 553 of this title may not be commenced after the earlier of—

(11) the later of—

(A) 2 years after the entry of the order for relief; or

(B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1210 or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A)..

11 U.S.C. section 546(a).

The Defendants rely on the decision rendered by the Court of Appeals for the Sixth Circuit in *Martin v. First National Bank of Louisville (In re Butcher)*, 829 F.2d 596, 600 (6th Cir.1987), *cert. denied*, 484 U.S. 1078, 108 S.Ct. 1058, 98 L.Ed.2d 1020 (1988). In *Butcher*, the bankruptcy

trustee, who was appointed on August 17, 1983, commenced a proceeding on Monday, August 19, 1985, to avoid certain preferential transfers under Section 547(b) of the Bankruptcy Code. The defendant in that proceeding filed a motion to dismiss, claiming that the action was barred by Section 546(a) of the Bankruptcy Code. The trustee argued that the action was timely commenced because Fed.R.Bankr.P. 9006(a)[2] required the exclusion of August 17 and 18 (Saturday and Sunday) in computing the two year limitations period under section 546(a). The bankruptcy court held that the time limitation contained in section 546(a) was "more in the nature of a procedural bar to the exercise of a remedy than a condition of time forming a substantive part of the statutory rights in question," *In re Butcher*, 57 B.R. 101, 102 (Bankr. E.D.Tenn.1985); Fed.R.Bankr.P. 9006(a) did apply in computing the section 546(a) time limitations, *Id.*, at 102–03; and the trustee's action was timely commenced, *Id.*, at 103.

The district court reversed, 78 B.R. 520 (E.D.Tenn.1986), and the Sixth Circuit affirmed the district court's reversal, *Martin v. First Nat'l Bank of Louisville (In re Butcher)*, 829 F.2d 596 (6th Cir.1987), *cert. denied*, 484 U.S. 1078, 108 S.Ct. 1058, 98 L.Ed.2d 1020. Both courts relied on the Sixth Circuit's earlier decision in *Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th Cir.1980), which refused to apply Fed. R.Civ.P. 6(a)[3] in a Truth in Lending Act

case. The Sixth Circuit held that section 546(a) of the Bankruptcy Code is a "jurisdictional" or a "substantive" statute of limitations and that, pursuant to 28 U.S.C. § 2075, which states that the bankruptcy rules cannot "abridge, enlarge, or modify any substantive right," no rule could be employed to extend the deadline. *Butcher*, 829 F.2d at 600. Therefore, Fed. R.Bankr.P. 9006(a), which concerns computation of time and excludes Saturdays or Sundays if the deadline falls on such day, cannot extend or limit the jurisdiction of the bankruptcy court where Section 546(a) is concerned. *Id.*, at 600–01.

A minority of cases have followed *Butcher*, or have at least given lip service to its rationale, including *Starzynski v. Sequoia Forest Indus.*, 72 F.3d 816 (10th Cir.1995) (noting the split in authority and suggesting that section 546(a) may be jurisdictional and therefore cannot be waived by the parties); *In re Sunset Sales, Inc.*, 220 B.R. 1005 (10th Cir. BAP 1998) (citing rather strong *dicta* contained in *Starzynski* regarding the jurisdictional nature of section 546(a)); *In re Frascatore*, 98 B.R. 710 (Bankr.E.D.Pa.1989) (Section 546(a) is a statute of repose and forbids the filing of a suit after the applicable limitations period has run); *In re Calvanese*, 169 B.R. 104 (Bankr.E.D.Pa.1994) (citing *Frascatore*).

Both the Eleventh and Fifth Circuits reject *Butcher* and its progeny, finding that Section 546(a) time provisions are waivable statutes of limitation. In *Pugh v.

---

**2.** Fed.R.Bankr.P. provides, in pertinent part, as follows:

Rule 9006. *Time.*

(a) *Computation.* In computing any period of time prescribed or allowable by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. *The last day of the period so computed shall be includ-*

*ed, unless it is a Saturday, a Sunday or a legal holiday, or when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.* Fed.R.Bankr.P. 9006(a) (emphasis supplied).

**3.** Fed.R.Bankr.P. 9006(a) is identical to Fed. R.Civ.P. 6(a).

*Brook (In re Pugh),* 158 F.3d 530 (11th Cir.1998), the Circuit Court affirmed the District Court's decision that Section 546(a) is a statute of limitations, which can be waived if not asserted as a defense to the commencement of an adversary proceeding to which section 546(a) of the Bankruptcy Code applies. The *Pugh* court noted that the split in authority over whether this section is a statute of limitations and thereby waivable could be viewed in several ways. First, the split could be seen as a dispute over whether the Bankruptcy Code provisions constitute statutes of repose or statutes of limitation. While a statute of limitations is contingent, a statute of repose is absolute, in that it "destroys the previously existing rights so that, on the expiration of the statutory period, the cause of action no longer exists." *Pugh,* 158 F.3d at 533 (other citations omitted.). The court could also look at the issue in terms of whether this statute is "substantive" or "procedural." The court found that the more reasoned analysis of the issue is to conceptualize the split as a disagreement over whether these Bankruptcy Code provisions constitute grants of subject matter jurisdiction that leave the court with no authority to hear certain proceedings after the limitations period has elapsed, or whether they are true statutes of limitations that restrict the power of the court to grant certain remedies in a proceeding over which it has subject matter jurisdiction. The Court in *Pugh* found support in the plain language of the statute that section 546(a) is a statute of limitations. The language of this statute is linguistically similar to other statutes of limitations, and as the Supreme Court has noted that "most statutes of limitation provide either that 'all actions .. shall be brought within' or 'no action ... shall be brought more than' so many years after the 'cause thereof accrued.'" *Id.* at 534 (citing *Beach v. Ocwen Fed. Bank,* 523

U.S. 410, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998)).

The *Pugh* court also took a close look at the *Butcher* decision and found that it does not provide persuasive support for the subject matter jurisdiction view for two reasons. First, its reliance on the *Rust* decision was misplaced because it rested on the proposition that a limitations period contained in the same statute that creates the cause of action must be deemed a "substantive" curtailment of the subject matter jurisdiction granted by that statute. As the *Pugh* court noted, this was rejected by the Supreme Court in *American Pipe & Const. Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) and other cases. Second, the Eleventh Circuit rejected the *Rust* ruling, and has ruled that the same Truth in Lending Act limitations period was a statute of limitations to be computed under the standards of Fed. R.Civ.P. 6(a). *Lawson v. Conyers Chrysler, Plymouth & Dodge Trucks, Inc.,* 600 F.2d 465 (5th Cir.1979). The Court in *Pugh* found the other cases reaching the same result as *Butcher* to be equally unpersuasive in that these decisions contain little analysis to support their decisions.

In reviewing the cases adopting the statute of limitations view, the *Pugh* court noted that the weight of recent authority supports such a reading of this section. *See McFarland v. Leyh (In the Matter of Tex. Gen. Petroleum Corp.),* 52 F.3d 1330, 1337–38 (5th Cir.1995) (section 546(a) is a statute of limitations that can be waived if not asserted in the answer filed in an adversary proceeding); *Iron–Oak Supply Corp. v. Nibco, Inc. (In re Iron–Oak Supply Corp.),* 162 B.R. 301, 307 (Bankr. E.D.Cal.1993) (rejecting argument that section 546(a) is a statute of repose); *Brandt v. Gelardi (In re Shape, Inc.),* 138 B.R. 334, 337 (Bankr.D.Me.1992) (section 546(a) is a true statute of limitations that

can be extended by agreement between the parties). In addition, the Court notes that other cases are rejecting the reasoning of *Butcher.* *See, e.g., In re Wedtech Corp.*, 187 B.R. 105 (S.D.N.Y.1995) (statute of limitations defense in section 546(a) action must be raised at earliest possible time and is waived if not promptly pleaded). Clearly, the determination that a given statute of limitation can be tolled, extended or waived is at odds with the view that the statute divests a court of jurisdiction over certain actions once the limitations period has elapsed.

The Court in *Pugh* also reviewed legislative intent in determining whether this section was a statute of limitations. The court found that the legislative history and the statutory scheme confirm its conclusion. The Senate Report refers to subsection 546(a) as a statute of limitations, and the House Report on the 1994 amendment to section 546(a), which changed the length and applicability of the limitations period, stated that the amendment:

> is not intended to affect the validity of any tolling agreement or to have any bearing on the equitable tolling doctrine where there has been fraud determined to have occurred. The time limits are not intended to be jurisdictional and can be extended by stipulation between the necessary parties to the action or proceeding.

H.R.Rep. NO. 103–835, at 49–50 (1994), reprinted in 1994 U.S.C.C.A.N. 3340, 3358. If Barbara's interpretation of the statute as jurisdictional and the time limits not subject to enlargement were given credence by the Court, then the clear directive that "time limits are not intended to be jurisdictional and can be extended by stipulation" would be rendered meaningless. *See also Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982) (interpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available.)

Finally, as the Eleventh Circuit noted in *Pugh,* if the statutory provision that grants courts jurisdiction over certain actions is separate from the provision that imposes a limitation period on those actions, this arrangement corroborates the conclusion that the limitations period is a true statue of limitations. *Pugh,* 158 F.3d at 538 (citations omitted). In this case, the Court has subject matter jurisdiction over the Trustee's proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157, which are separate from 11 U.S.C. § 546(a). As the Second Circuit recently pointed out in *Silverman v. Tracar, S.A. (In re American Preferred Prescription, Inc.)*, 255 F.3d 87 (2d Cir.2001), "[s]ubject-matter jurisdiction concerns a court's authority to make any ruling on the merits of an issue," and "a bankruptcy court, with unquestioned subject-matter jurisdiction over a bankruptcy proceeding, *see* 28 U.S.C. § 1334; *see also id.* §§ 151, 157, has subject matter jurisdiction to decide the statutory issue." *Id.,* at 94. This view is consistent with Second Circuit decisions holding that bankruptcy courts may enlarge the time to file complaints objecting to a debtor's discharge and/or the dischargeability of debts pursuant to Fed.R.Bankr.P. 4004 and 4007, as the time limitations set forth therein are not jurisdictional. *See, e.g., Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1310 (2d Cir.1996) (Fed.R.Bankr.P. 4004 mandates that objections under 11 U.S.C. § 727(a) be lodged within 60 days of the initial creditors' meeting, although a creditor may move, during the original 60-day period, for an extension); *European American Bank v. Benedict (In re Benedict)*, 90 F.3d 50, 54 (2d Cir.1996) (the time period imposed by Rule 4007(c) is not jur-

isdictional and thus is subject to waiver, estoppel, and equitable tolling).

Counsel for Barbara argues that *Pugh* is distinguishable from the matter now before the Court on the facts; specifically that *Pugh* was a suit against the debtor for turnover, as opposed to an avoidance action against a non-party, as in this case. Here, the Trustee is asserting his statutory strong-arm powers to act as a creditor under New York law to seek avoidance of the Transfers to the Defendants. Under Section 546(a), various statutes are enumerated in which a trustee may act in various capacities and in various ways; yet, if applicable, then the time restrictions apply to all proceedings brought under all of the statutes so enumerated. Consequently, the differences cited by counsel are unavailing to support his position.

█ Based on the *Pugh* case and the decisions cited in *Pugh,* the Court finds that section 546(a) is a statute of limitations which can be extended by agreement between the parties. Accordingly, the stipulations signed by Barbara served to extend the Trustee's time to bring this action, and it is timely commenced. Moreover, equitable considerations preclude Barbara, who authorized the execution of the stipulations extending the Trustee's time to file this proceeding and failed to preserve a statute of limitations defense by asserting it in his answer, from arguing now that he should not be held to the bargain he struck with the Trustee. The Court finds that, by his actions, Barbara has waived a statute of limitations defense. *See CEPA Consulting, Ltd. v. New York Nat'l Bank (In re Wedtech Corp.),* 187 B.R. 105, 111 (S.D.N.Y.1995) (a statute of limitations defense must be asserted in a party's responsive pleading at the earliest possible moment and is waived if not promptly pleaded).

In view of the Court's determination that Section 546(a) is a statute of limitations regarding certain proceedings enumerated therein and that Barbara waived a statute of limitations defense by entering into two Stipulations and Orders extending the Trustee's time to file a complaint and failing to affirmatively assert it in his answer, the Barbara Motion is denied in its entirety.

## II. Whether a Statute of Limitations Defense is Waived by Failure to File Timely Answer

█ Mina admits that she did not file a timely answer in this adversary proceeding, but asserts nonetheless that the adversary proceeding should be dismissed as to her because it was commenced by the Trustee more than two years after the entry of the order for relief and more than one year after the appointment of a trustee, in violation of 11 U.S.C. § 546(a), and that Mina did not consent to an extension of time for the Trustee to commence this action. In the alternative, Mina seeks vacatur of her prior default and leave to file a late answer. The Court holds that Mina waived her right to assert the affirmative defense of statute of limitations by failing to timely answer the complaint, which was duly served upon her by the Plaintiff. Fed.R.Civ.P. 12(c); *see also CEPA Consulting, Ltd. v. New York Nat'l Bank (In re Wedtech Corp.),* 187 B.R. 105, 111 (S.D.N.Y.1995) (a statute of limitations defense must be asserted in a party's responsive pleading at the earliest possible moment and is waived if not promptly pleaded). Consequently, the Court will consider only the branch of the Mina Motion which seeks vacatur of the default and leave to file a late answer.

█ A motion to vacate the entry of

default[4] is governed by Fed.R.Civ.P. 55(c), made applicable to adversary proceedings by Fed.R.Bankr.P. 7055, which provides:

(c) *Setting Aside Default.* For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Fed.R.Civ.P. 55(c). The question for this Court is whether Defendant Mina has satisfactorily demonstrated "good cause" within the meaning of Fed.R.Civ.P. 55(c) sufficient to withstand an adequate showing by the Plaintiff that he would likely prevail on the substantive merits of the action. It is in the Court's discretion to vacate an entry of default, but that discretion must be exercised consistent with the Second Circuit's marked preference for resolving disputes on the merits. *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir.1993); *Sony Corp. v. Elm State Elecs., Inc.,* 800 F.2d 317, 320 (2d Cir.1986); *Rymsbran Continental Corp. v. Euclid Hall Housing Development Fund Co., Inc. (In re Rymsbran Continental Corp.),* 177 B.R. 163, 168 (E.D.N.Y.1995); *In re Interco Systems, Inc.,* 185 B.R. 447, 454 (Bankr. W.D.N.Y.1995). Doubts whether the default should be granted or vacated are to be resolved in favor of the defaulting party, and the "good cause" element of Fed. R.Civ.P. 55(c) "should be construed generously." *Enron Oil,* 10 F.3d at 96.

▮▮▮▮ The Second Circuit cites three criteria on which to base a disposition: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. *Enron Oil,* at 96. Other equitable factors may be considered, such as a mistake in good faith; whether large sums of money are involved; or the prospect of a "harsh or unfair result." *Id.* The *pro se* litigant who defaults warrants even more scrupulous attention to the protection of her rights. *Id.*

▮▮▮▮ Analyzing the willfulness factor set forth in *Enron Oil* under the circumstances presented in this case, it appears that Mina, who initially represented herself, was not fully aware of her rights and responsibilities as a litigant in a lawsuit before this Court and, when she became aware of the consequences of defaulting, did seek counsel who filed the instant motion to dismiss. Generally speaking, a default is willful if a party knows of the pending litigation and deliberately decides not to respond to the complaint. *Gucci America, Inc. v. Home Boy 2000,* 158 F.3d 631 (2d Cir.1998), *cert. denied,* 525 U.S. 1106, 119 S.Ct. 873, 142 L.Ed.2d 774 (1999). However, in this situation, there are mitigating circumstances, such as the fact that Mina attended the pretrial conference *pro se* and retained counsel to represent her interests herein before a default judgment was entered against her.

As for the existence of a meritorious defense, Mina asserts that any funds paid by the Debtor either to Mina or on behalf of Mina to Defendant Barbara have been repaid and, as of the Filing Date, Mina owed no obligations to the Debtor. This defense speaks directly to the Trustee's claim and may very well succeed upon a factual showing of proof. Thus, the Court is satisfied that at least one meritorious defense can be raised by Mina. The Court has rejected the statute of limitations defense asserted by Mina, who never signed

---

4. The record does not reflect a formal entry of default as to Mina pursuant to Fed.R.Civ.P. 55(a). However, as the dismissal motion also seeks, in the alternative, leave to file a late answer, the Court will deem the pleading to be a motion to vacate the prior default.

a stipulation extending the Trustee's time to bring this adversary proceeding and was commenced after the time period prescribed in Section 546(a) of the Bankruptcy Code. Permitting the assertion of such a defense in Mina's late filed answer would clearly prejudice the Plaintiff herein.

With respect to any other prejudice which would be suffered by the Plaintiff if the default were vacated, the Court can find none, as the proposed late answer does not contain a defense that the complaint is time-barred under 11 U.S.C. § 546(a).

In view of the foregoing, the Court is satisfied that Mina has shown good cause within the meaning of Fed.R.Civ.P. 55(a) and Fed.R.Bankr.P. 7055 for the Court to set aside the entry of default and permit the filing of the late answer.

## CONCLUSION

1. This Court has jurisdiction over the subject matter and the parties under 28 U.S.C. §§ 1334, 151 and 157. Venue is proper in accordance with 28 U.S.C. § 1409(a).

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E) and (H).

3. The time limitations set forth in 11 U.S.C. § 546(a)(1) do not limit this Court's subject matter jurisdiction. This Court's grant of subject matter jurisdiction in this matter is found in the statutes cited in paragraph 1 above.

4. The time limitations set forth in 11 U.S.C. § 546(a)(1) are in the nature of a statute of limitations, and are not jurisdictional. The issue of the timeliness of the complaint must be plead as an affirmative defense by a defendant in its answer or such defense is waived.

5. A statute of limitations is subject to waiver and equitable tolling.

6. A stipulation to extend the time to file a complaint entered into prior to the expiration of the statute of limitations is a waiver as to its time limitations.

7. The Defendant Barbara has waived a statute of limitations defense by entering into two timely Stipulations and Orders extending the Trustee's time to file a complaint, and then failing to assert such a defense in his answer.

8. Although the Defendant Mina Rodriquez has defaulted by failure to timely file an answer, she has shown good cause within the meaning of Fed.R.Civ.P. 55(a) and Fed.R.Bankr.P. 9055 for the Court to set aside her default and, hence, the entry of default against Mina is vacated. Mina is granted leave to file a late answer.

9. The motions of both Barbara and Mina to dismiss the complaint are denied.

SO ORDERED.